**GREAT WESTERN PRODUCERS COM·
PANY et al., Appellants,**

**v.**

**Olga LANG et vir, Appellees.**

No. 3818.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1963.

Kenley, Ritter & Boyland, Longview, for appellants.

Gordon Wellborn, Houston, Phenix & Keeling, Henderson, Fields & Fields, Athens, for appellees.

WALTER, Justice.

Olga Lang and her husband filed suit against Great Western Producers Company and its truck driver, Elvin Ernest Brooks, for damages as a result of a truck-automobile collision. The court overruled the defendants' plea of privilege. They have appealed contending there was no evidence that they were guilty of negligence which was a proximate cause of the plaintiffs' damages. They also contend such findings are against the great weight and preponderance of the evidence.

Appellees rely upon subdivision 9a of Article 1995, of Vernon Annotated Texas Civil Statutes to hold· venue in Henderson County, the county where the collision occurred. This subdivision places upon the appellee the burden of establishing by a preponderance of the evidence negligence and proximate cause in Henderson County. The appellees pleaded that the appellants were guilty of negligence which was a, proximate cause of the collision by alleging ten specific acts. We have concluded that the evidence established that the truck driver at the time and on the occasion in question failed to keep a proper lookout and failed to yield the right of way.

The appellees introduced the depositions of the two drivers. Mrs. Lang testified substantially as follows: She was travelling

west in the center lane of a four lane highway on Corsicana Street in the City of Athens. She was travelling in the through lane as she approached the intersection of Corsicana and Gant Streets. A Gulf Oil Company truck had been travelling west in the outside or north lane of traffic until it stopped at such intersection to make a right hand turn into Gant Street. She had been driving in the inside or south lane going west on Corsicana Street for several blocks before she reached said intersection. After she entered the intersection, the truck driven by the appellant Brooks appeared suddenly "coming right at me." She was in the intersection before she saw Mr. Brooks' truck. She was familiar with this intersection. The first time she looked to her right was at a time when the Gulf truck was between her and the traffic on Gant Street. She was asked the question "You couldn't see anything then, could you, whether it was there or not?" and she answered "No, but I had the right of way." The next time she looked to her right she was already in the intersection and Mr. Brooks' truck was in the intersection "coming right suddenly at me." Brooks' truck hit her hard enough to damage and cave in the right hand side of her car and threw her over against the door and bruised her. When asked if she tried to avoid the accident she said that she pulled over as much as she could and when she stopped she was straddling the division island. The pull bar of the front bumper of the truck hit the center of the front fender and damaged her car through the front door and the back door and into the back fender.

Brooks testified that he had been employed by Great Western Producers as a truck driver since 1957 or 1958. Before the accident he had come from the refinery at Irving and was headed for Henderson to pick up a load of petroleum products. He was operating a 1958 International truck with a 6,050 gallon tank trailer on it. He was wearing a hearing aid at the time his deposition was taken and testified he had been wearing it ever since 1945. He was

travelling south on Gant Street and Mrs. Lang was headed west on Corsicana Street immediately prior to the accident. He had a stop sign facing him as he approached said intersection and he stopped in obedience to the sign. The pavement was dry, it was clear and there was no visibility impairment. The Gulf truck that he stopped in the north lane of Corsicana Street had its blinkers on indicating it intended to make a right hand turn into Gant Street heading north. When asked "Now how far back from the intersection was the Gulf truck parked at the time of the wreck?" he answered "I wouldn't call it parked because he was about four foot from the curb and he was moving when I seen him, when I pulled up and made the second stop there and he turned on his turning signals." He was asked the further question "Actually he never was stopped was he?" and he answered "Yes, he had to stop, he couldn't come in that intersection with me because, there would be a swing he would of had to make to get into the intersection, he'd of come into the front of my truck." The first time he saw Mrs. Lang's car was when it came out from behind the Gulf truck that was starting to make a right hand turn into Gant Street. The Gulf truck was too high for him to see over it and he didn't see Mrs. Lang before she came out from behind the Gulf truck. The tow hitch on the front end of his truck extends out about four inches. Mrs. Lang tried to go around him by driving across the center line but his tow hitch caught the right side of her car. As he approached the intersection, he stopped in obedience to the stop sign and then made another stop when he saw the Gulf truck was going to make a right hand turn into Gant Street and he said "then I pulled on up and when this Gulf truck, seen this Gulf truck coming and I stopped again and he turned, had his blinkers on to make a right hand turn and then is when I came on out when he stopped, I didn't come out until he stopped." And when asked "Was there enough room there for two trucks side by side on North Gant street?", he answered "Side by side,

there would of been enough room for them to set side by side but there wasn't enough room for one to run into Gant street with one setting there at the stop sign." He testified that as he entered the intersection he knew that the traffic on Corsicana Street had the right of way.

In the case of Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, our Supreme Court said:

"Before entering and while crossing the heavily traveled, through street, it was Mrs. Ricketts' duty not only to look but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction. The evidence demonstrates and the jury has found, in effect, that she had the right of way, but this does not excuse her from exercising ordinary care for her own safety. Although not required to anticipate negligent or unlawful conduct on the part of others, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95.

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex. Civ.App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex. Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

We have concluded that the appellees discharged their burden of proving negligence and proximate cause by a preponderance of the evidence.

We have considered all the evidence and we find that the court's judgment is not contrary to the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.