**Roy MORRELL et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 6722.**

Court of Civil Appeals of Texas.

Beaumont.

April 22, 1965.

Rehearing Denied May 19, 1965.

Houston Thompson, Silsbee, for appellants.

W. G. Walley, Jr., Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This appeal by the condemnee is from an unsatisfactory award of a jury in the court below for the value of 0.40 acres of land. The jury, answering the only issue submitted, placed a value of $5,325.00 on the land. Appellant's sole contentions for reversal of the case are based upon alleged misconduct of the jury in arriving at said value.

Two expert appraisers testified in behalf of the appellee, giving their highest estimate of the value of the property as $5,325.-00 and $5,075.00, respectively. The only other appraisal witness was appellant himself, who stated the value to be $12,000.00. The pertinent part of the only ground in appellant's amended motion for new trial upon which he predicates his six points of error here is:

"That while the jury was deliberating and before the jury had answered special issue number one, one of the jurors suggested that the jury answer special issue number one $5400.00; the foreman was under the mistaken impression that the jury's answer was restricted to $12,000.00, $5325.00 or $5075.00, each number being the exact appraisal value placed upon the property taken by one of the three appaisers, the foreman did then tell the other jurors that the jury was restricted by law to one of these three figures and could not answer a sum in between; that the other members of the jury believed the foreman's recitation of law to be correct and answered special issue number one $5325.00 because of the statement of the foreman; that said act on the part of the jury was misconduct which prejudiced this defendant's rights and deprived him of a fair trial. * * *"

The only juror called to testify in support of appellant's contentions that misconduct did indeed occur was Mr. J. D. Whalen, who gave the following testimony:

"* * *

"Q. Mr. Whalen, do you remember if, before all had decided the answers to the special issues that were submitted to you, whether it was * * * whether there was any discussion as to the limits of what you all could decide in that case?

"A. Well, best of my memory, I think one of the jurors, one of the colored ladies, made the statement * * * how much she said, I don't recall * * * whether we could go over that, and to be honest, I believe the foreman of the jury * * *

"Q. Mr. Barlow?

"A. Mr. Barlow, was under the impression we were not to go over either one of the bids that the State gave.

MR. WALLEY: I didn't understand.

"A. We could not go over the bid, over the amount that the state had, that the appraiser had given. The State had two appraisers, I believe.

"Q. All right. Now, when you say that you couldn't go over the amount the appraiser gave, you

mean by that Mr. Brown's appraisal and Mr. Hall's?

"A. Yes.

"Q. Now, was Mr. Barlow under the impression, and did he say that you could not find the answer in relation to what Mr. Morrell had said, twelve thousand dollars?

"A. Yes, sir.

"Q. All right. Now, did he tell you that was his understanding of the law, and the Court's charge?

"A. Well, as well as I remember; yes, sir.

"Q. All right. Now, and I believe you all did find, in answer to Special Issue Number One, the highest of the State's appraisers * * *

"A. Yes, sir.

*   *   *   *   *   *

"Q. When this colored woman * * Do you remember whether she suggested the figure of fifty-four hundred dollars?

"A. No, I do not. I don't recall just exactly what figure she gave. I really don't.

"Q. When she started that discussion and Mr. Borrell said his understand was you could not go over that, was that the jurors' understanding after he said that? Was that the way you understood it?

"A. Yes, sir; I believe it was.

"Q. Did you feel under those circumstances, the highest * * *

"A. The highest bid would be the best we could give him; give him the benefit of the doubt.

"Q. The highest amount you could give would be the figure given by the highest State's appraiser, who was Mr. Brown?

"A. Yes, sir.

"Q. Mr. Whalen, did anyone mention giving a higher figure than fifty-three hundred and twenty-five dollars?

"A. Now, sir, I believe one of the colored women did. She mentioned a figure, I believe, but I don't recall what figure she gave.

"Q. You are not certain of that?

"A. No, I'm not.

"Q. Did you all discuss the evidence that had been presented to you by the witnesses?

"A. Yes, sir.

"Q. And you finally found a figure you all thought was fair?

"A. Yes, sir.

"Q. Did you intend to follow the Court's charge and find a figure based on what he told you was the preponderance of the evidence, the believable testimony?

"A. Yes.

"Q. Did anyone suggest the figure Mr. Morrell testified to, twelve thousand dollars?

"A. No, I wouldn't say, because I can't remember exactly."

Appellant's points of error are met by several counterpoints, arguments and authorities of appellee's which we have no doubt are sufficient to compel affirmance of the trial court's judgment. A careful study of appellant's motion for new trial and the testimony alleged to support the same, reveals material discrepancies existing between the two. Actually appellant has failed to allege and prove, and vice versa, that misconduct did occur and, if so, that it was harmful. As a matter of brevity,

however, we find it unnecessary to further refer to or determine the merits of the parties' respective contentions.

It is obvious that the testimony of juror Whalen as above set out is conflicting in its context. While it might tend to appear in one portion to sustain the contentions of appellant, in the other, which we again quote for convenience, it does not:

"Q. Did you all discuss the evidence that had been presented to you by the witnesses?

"A. Yes, sir.

"Q. And you finally found a figure you all thought was fair?

"A. Yes, sir.

"Q. Did you intend to follow the Court's charge and find a figure based on what he told you was the preponderance of the evidence, the believable testimony?

"A. Yes."

This latter portion of the evidence being to the effect that, notwithstanding the other matters discussed, the jury, in their final analysis, resolved to, and did, arrive at the market value of appellant's property in accordance with the court's instructions to resolve their answers from a "preponderance of the evidence * * * the greater weight of credible evidence."

There were no express findings of facts or conclusions of law found by the trial court; therefore, we must presume that said court found all controverted or conflicting facts in support of its judgment overruling the motion for new trial and that no misconduct occurred. The testimony of juror Whalen being conflicting, the decision of the trial court on the question is binding on appeal. Brawley v. Bowen (Tex.) 387 S.W.2d 383, and cases there cited.

Affirmed.

STEPHENSON and PARKER, Justices (concurring).

We concur in the disposition of this case, but for the following reasons only. The appellant's motion for new trial states the error in the trial court was the statement by the foreman of the jury that they were restricted by law to one of the appraised values given by the witnesses, and could not answer a sum in between. A careful reading of the four pages of testimony presented on the motion for new trial establishes that there is no evidence to support this contention. This is simply a case in which appellant has failed to prove the alleged misconduct set forth in his motion for new trial. Further, a study of appellant's motion for new trial and the testimony alleged to support the same shows that according to the motion for new trial that the highest amount of money mentioned by any juror for the damages was $5400.00. The jury answered this issue with the sum of $5325.00. However, from the evidence had upon the hearing on the motion for new trial it does not appear that any amount of damages was mentioned by any juror except $5325.00 and no votes were taken by the jurors upon any amount except the $5325.00. It does not appear that any juror changed his mind. Appellant has not shown that the statement made by the foreman of the jury in this case induced any other juror to change his answer. Further, the entire record fails to disclose in any other manner that injury probably resulted to the petitioners. Texas Rules of Civil Procedure, Rule 327; Trousdale v. Texas & New Orleans Railroad Co., 154 Tex. 321, 276 S.W. 2d 242 (S.Ct., Feb. 16, 1955). This court must presume that the trial court in overruling appellant's motion for new trial found that although the misconduct of the foreman was upon a material matter, that from the entire record there was no evidence that injury probably resulted to appellant.