Shylock **WARREN** et ux., Appellants,

v.

Coy W. **DIKES** et al., Appellees.

No. 14502.

Court of Civil Appeals of Texas.

San Antonio.

June 27, 1966.

Rehearing Denied July 13, 1966.

William H. Price, San Antonio, for appellants.

Carter, Callender & Onion, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted in a district court of Bexar County by Shylock Warren

and his wife, Lucille Warren, against Coy W. Dikes and Rheinhardt Photoengraving Company, seeking to recover damages sustained by plaintiffs arising out of a collision between an automobile driven by Lucille Warren and a motorcycle ridden by Coy W. Dikes, which collision occurred at the intersection of Houston and Alamo streets in San Antonio, Bexar County, Texas. The jury found, in answer to Special Issue No. 8, that Lucille Warren failed to keep such a lookout as an ordinarily prudent person in the exercise of ordinary care would have kept under the circumstances; and in answer to Special Issue No. 9, that such failure was a proximate cause of the collision. Based upon this finding of contributory negligence, the trial court rendered judgment that the plaintiffs take nothing, from which judgment Shylock Warren and his wife, Lucille Warren, have prosecuted this appeal.

Appellants' first contention is that the trial court erred in overruling their motion for a new trial because during the deliberation of the jury, a juror related his own experience and knowledge of the street intersection where the collision occurred, and thus caused the jury to answer Special Issue No. 8 against appellants.

On the hearing of the motion for new trial, as to whether the jury were guilty of misconduct during their deliberations, three witnesses were called and testified, namely, L. H. Martin, Fred Reagan, and Mrs. Concepcion S. Logan, all three were members of the jury that heard the case. Appellants rely principally upon the testimony of Mrs. Logan to show misconduct. She testified that the jury during its deliberation voted twice on Issue No. 8. The first vote was divided, some thought that Lucille Warren failed to keep a proper lookout and some thought she did not fail to do so, when she entered the intersection. Mrs. Logan was one of the jurors who voted that Lucille Warren did not fail to keep a proper lookout. Then there was more discussion of this issue. At this time one of the jurors, she was not certain which one, said that he was very familiar with the intersection of Houston and Alamo, and that you could see very well down Alamo Street. He described the corner from his own personal observation. After this discussion they took another vote and this time it resulted in a unanimous vote that Lucille Warren had not kept a proper lookout when she drove into the intersection. Mrs. Logan further testified that her second vote was principally based upon what the man said in the jury room. At another time she testified that her answer to Issue No. 8 was based on what she heard from the witness stand. Appellants' motion for a new trial was overruled by the trial court, and the court thereby impliedly found that it believed the latter statement.

The witness Fred Reagan testified he heard some juror say that he was very familiar with this intersection, but he did not hear him say that you could see down Alamo Street.

The witness L. H. Martin testified that he worked at the new Moore Building which is just one block from the intersection of Houston and Alamo Streets. He parked his car and walked by this intersection every time he went to work. He further testified that there was considerable discussion of the jury between the first vote and the second vote on Issue No. 8. He said that during this discussion he said he knew Houston was wider because he walks it all the time. He denied saying anything about how far you could see down Alamo Street from Houston Street. He further testified that there was evidence from the witness stand as to the width of Houston Street.

■ There is no question but that it was improper for one or more of the jurors to state to the other jurors what they knew about the intersection by reason of their personal experience in crossing this intersection, but the question arises as to whether what happened during the deliberations of the jury was sufficient misconduct to require a reversal of the judgment.

The record shows that at the hearing on the merits the intersection was fully described by witnesses, in fact, it also shows that appellants introduced their Exhibit No. 1, which was a diagram of the intersection, but such exhibit was not brought to this Court. There is nothing to show that what was said by the juror from his personal knowledge of the intersection contradicted in any way what was testified to by the witnesses on the trial. Lucille Warren testified that the reason she did not see the motorcycle Dikes was riding until it was right upon her, was that there was a pickup truck on her left which prevented her from seeing it.

■ Rule 327, Texas Rules of Civil Procedure, reads as follows:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

When this Rule is construed in connection with Rule No. 434, T.R.C.P., it becomes clear that the appellate court should not reverse a judgment of the trial court for jury misconduct, unless the appellate court is of the opinion that the misconduct amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. We are unable here to say that the misconduct complained of, in the light of the entire record, was calculated to cause and probably did cause the rendition of a wrong judgment. St. Louis S. W. Ry. Co. v. Gregory, 387 S.W.2d 27; City of Dallas v. Holcomb, Tex.Civ.App., 381 S.W.2d 347, ref. n. r. e., Tex., 383 S.W.2d 585.

■ Appellants next contend that the evidence was not sufficient to support Issue No. 8, and that the court erred in submitting that issue to the jury. Issue No. 8 inquired as to whether Lucille Warren failed to keep a proper lookout when she drove into the intersection and was struck by the motorcycle. The jury found that she failed to keep a proper lookout. Lucille Warren testified that she was driving her automobile on Houston Street and when she arrived at Alamo Street the traffic light was red so she stopped. There was a pickup truck stopped on her left. She testified she could see half of a block down Alamo, and the reason she could not see any farther was that the pickup truck was in her way. When the traffic light turned green she started up and entered the intersection when her car was struck by the motorcycle; she did not see the motorcycle until it was right upon her. The jury could have concluded that if she had been keeping a proper lookout to her left she would have seen the motorcycle in time to have avoided being struck by it. The fact that she had the green light does not give her a right to proceed blindly into the intersection without keeping a proper lookout, both to her right and to her left, for dangers which might be anticipated. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95.

The judgment of the trial court is affirmed.