**Baldomero G. MARTINEZ, Appellant,**

**v.**

**James B. VANCE, Jr., et al.,
Appellees.**

**No. 4175.**

Court of Civil Appeals of Texas.

Eastland.

June 30, 1967.

Rehearing Denied July 28, 1967.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellant.

Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, for appellees.

WALTER, Justice.

Baldomero G. Martinez, Jr., filed suit against James B. Vance, Sr., Vance Tractor and Implement Company and James B. Vance, Jr., for damages resulting from an automobile collision. Based on a verdict, judgment was rendered that the plaintiff take nothing. The plaintiff has appealed.

James B. Vance, Jr., was driving a Buick owned by Vance Tractor & Implement Company in the City of Brownsville when it collided with an automobile driven by Martinez. A jury found that Vance was guilty of several acts of negligence which were a proximate cause of the collision. However, they found, in answer to issue 26, that Martinez was contributorily negligent in failing to stop at the esplanade and in answer to issue 27 that such negligence was a proximate cause of the collision.

Appellant says the court erred in failing to set aside the answers to issues 26 and 27 and in overruling his objections to such issues. He says there was no evidence to support the answers and that they are against the preponderance of the evidence.

On the night of the accident Martinez and his friend had purchased a pitcher of beer, drank some of it, and had gone to a bowling alley. He was taking his friend home when the accident occurred. Martinez testified substantially as follows:

About the midnight hour I was driving my car in an easterly direction on Roosevelt Street in Brownsville. I was accompanied by my friend Belisario Alanis. As I approached International Blvd., I stopped in obedience to a stop sign. International is divided into two north bound lanes and two south bound lanes with a parking lane on each side of the street. This intersection was well lighted. As I approached the edge of the intersection, I saw the lights of a vehicle traveling in a northerly direction on International. This was Vance's car and "it was far away." It was in lane number one next to the esplanade. I proceeded to cross and about the time I reached the esplanade I saw the lights of Vance's car about a block away. Martinez was asked:

"Then what happened next?" He answered:

"Well, as I was about to finish crossing that street, I heard my friend, Belisario, you know, try to tell me something, which made me look to my right again, but I didn't get to see very much. I mean I didn't get to turn to my right completely when I had just gotten hit by the car."

A short time before the accident, Vance was returning home from Matamoros where he visited some bars and had a few drinks. He testified substantially as follows:

I was traveling north on International Blvd. at between thirty and forty miles per hour on the inside lane next the esplanade.

I first noticed the Martinez car when it was about a block away. He was in motion, coming out past the stop sign making about five miles per hour. When it occurred to me that Martinez was not going to stop, I turned to my right into the the next lane and started applying my brakes. Vance marked the position of the collision on an exhibit which was near the curb line of the intersection on the southeast corner.

In passing on no evidence points to determine if there is any evidence to support findings of the jury, we consider only the evidence most favorable to the finding. Renfro Drug Company et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 at page 613, 23 A.L.R.2d 1114 (1950) We have concluded that there is some evidence of probative force to support the jury's answers to issues 26 and 27.

We have considered the entire record and have concluded that the answers to issues 26 and 27 are not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant says that issues numbers 26 and 27 are not controlling issues. Based on the authority of Witchita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, we hold that issues 26 and 27 presented the controlling fact issues and constituted a proper submission thereof.

Appellant says that issue 26, inquiring whether Martinez' failure to stop at the esplanade was negligence and issue 28, inquiring if Martinez' failure to apply his brakes just prior to the collision was negligence, constitutes an improper fragmentation or granulation and a double submission of a controlling issue. He objects to issue 27, the proximate cause issue, and issue 29, another proximate cause issue, for the same reason. We cannot agree with these contentions.

In Barclay v. C. C. Pitts Sand and Gravel Company, 387 S.W.2d 644 (Sup.Ct.1965), the court said:

"It is nevertheless well settled that as a general rule and when the question is properly raised, special issues relating to either primary or contributory negligence should be restricted to specific acts and omissions which have been raised by the pleadings and evidence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99; Kainer v. Walker, Tex.Sup., 377 S.W.2d 613."

Also see Broad and Narrow Issues by Justice Pope, Vol. 26, Texas Bar Journal, page 921.

Martinez says he had no duty to bring his car to a stop at the esplanade and, therefore, as a matter of law, he could not be negligent in failing to do so and that such failure could not be a proximate cause of the collision. In C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Sup.Ct.1966), the Supreme Court said:

"When the jury found from a preponderance of the evidence that 'at the time, place, and on the occasion in question' the plaintiff 'failed to keep a proper lookout,' it necessarily found that the plaintiff had a duty to keep a lookout for dangers which might reasonably have been anticipated, De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99 (1955), and a breach of the duty. If the jury believed that the plaintiff drove his pickup from the shoulder onto the highway, it was well within its province in finding that before doing so he owed a duty to look to his rear for vehicles approaching from the west and failed to do so."

In Henwood v. Gilliam, 207 S.W.2d 904 (Civ.Apps. 1947, writ ref.), the court said:

"What is ordinary care under a given *ground* of facts must be determined by the jury as to what, in their judgment, a

man of ordinary prudence would have done for his own safety under the attendant circumstances. The jury, in all such cases, are the triers of the facts and the trial judge, if there is any substantial evidence supporting the finding, must follow the verdict of the jury in rendering judgment. In which case, this Court is without the power to disturb the judgment."

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.