**Henry F. GOATES, Jr., Appellant,**

v.

**FORTUNE LINCOLN MERCURY, INC. and Pedro Ruiz, Jr., Appellees.**

**No. 6044.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 22, 1969.

Rehearing Denied Nov. 19, 1969.

Orba Lee Malone and Sam Snoddy, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Schuyler B. Marshall, El Paso, for appellees.

WARD, Justice.

## OPINION

This is an intersection accident case. Suit was brought by Henry F. Goates, Jr., the appellant, who was driving his motorcycle on a through street. The appellee Pedro Ruiz, Jr., was driving a Mercury sedan on a stop street in the scope of his employment with appellee Fortune Lincoln Mercury, Inc. The case was submitted to a jury which found that the appellant failed to keep a proper lookout and that this was a proximate cause of the collision. The jury also found that the appellee Ruiz failed to keep a proper lookout and that this was a proximate cause of the collision; that he failed to yield the right of way, that this was negligence and a proximate cause of the collision. Appellant's motion to disregard the contributory negligence issue and the proximate cause issue was overruled and, based on the jury findings, judgment was entered for the defendant-appellees. We affirm the judgment of the trial court.

We will first consider the "no evidence" points regarding the appellant's failure to keep a proper lookout and the companion issue on proximate cause. The physical facts are that it was a clear, dry day; that at the time of the accident Yandell Street was a through street in the City of El Paso and was designated as a one-way street with traffic flowing from west to east. It is fifty feet wide, with three traffic lanes and two parking lanes at its sides. The legal speed limit on Yandell was 35 miles per hour. Ange Street was a stop street, and the stop sign was placed at the northwest corner of the intersection of Yandell and Ange. Traffic was permitted to travel in both directions on Ange, and it is about forty feet wide, with two traveling lanes and two parking lanes.

The undisputed testimony is to the effect that appellee Ruiz was traveling south on Ange Street and he stopped at the stop

sign at the intersection of Ange and Yandell. Cars parked on the north side of Yandell and on the west side of Ange, together with some shrubbery, blocked Mr. Ruiz's view of the oncoming traffic on Yandell. He testified that, after stopping, he pulled forward slowly until he could see westerly down Yandell; that he saw a car driven by the witness Hanley coming east on Yandell about three-fourths of a block away; that he proceeded into the intersection and when he was in the north traffic lane, or possibly a little into the middle lane of Yandell, he saw the appellant's motorcycle coming; that at the most, he had gotten the speed of his automobile from a stopped position up to a maximum of ten miles per hour; that he swerved his car slightly to the left and stopped about six feet north of the south curb line of Yandell and was either stopped or moving slowly at the time of impact. The appellant was driving in the south traffic lane of Yandell in an easterly direction, and either the front of his motorcycle or the appellant's left leg struck the right corner of the front bumper of the automobile. The point of impact was described as being six feet north of the south curb line of Yandell and some 15 or 16 feet east of the west curb line of Ange. The appellant has no recollection of the events immediately preceding the accident as a result of his serious and tragic injuries, and is suffering a retrograde amnesia. The motorcycle never swerved except possibly at the last instant. There were no skid marks on the pavement and the motorcycle is described as never slowing its speed until the impact.

In regard to his "no evidence" points the appellant contends basically that certain testimony of the appellee Ruiz conclusively establishes that no evidence exists in this record to uphold the jury finding that the appellant failed to keep a proper lookout; and, more strenuously, that the connected proximate cause issue has no evidence to sustain it. Mr. Ruiz testified that he was in the north lane of Yandell when he first observed the appellant, and the appellant was then four, five or six car

lengths away traveling in the south lane of Yandell in a easterly direction. A car length was described as between 16 and 17 feet. Ruiz further testified that the appellant was moving at a speed of 40 or 50 miles per hour; that appellant tried to swerve, but that he couldn't because he was going too fast to do anything. Ruiz stated that prior to the collision the appellant was looking at Ruiz.

However, under the requirement on these points that the reviewing court will consider the evidence, if any, which viewed in its most favorable light will support the jury findings and will disregard all evidence which would lead to a contrary result, we come to the testimony of Mr. Hanley, the only independent eye-witness to this accident, who was called by the appellees. Mr. Hanley testified that he was driving his automobile east in the middle lane of Yandell; that about one block or one and a half blocks before the intersection of Ange, the motorcycle passed him on his right; that Hanley was driving 30 to 35 miles per hour and he estimated that the motorcycle was going about 45 miles per hour; that from the time the motorcycle passed him until the moment of the collision, there was no other moving traffic on Yandell between the motorcycle and the intersection; that when Hanley was about one-half block from Ange, he saw the Mercury sedan after it was already into the intersection; that the speed of the Mercury was about ten miles per hour; that at the time of the impact the front of this car was in about the center of the south lane, or maybe three feet into the south lane, and it was either stopped or going very slowly; that at the time of the impact Mr. Hanley's car was about 100 feet west of the intersection; that for a whole block, at least, from the time after the motorcycle passed the Hanley car, there was nothing to obstruct the view of the motorcycle driver, and that all he had to do was to look. That while the Mercury moved slowly into the intersection and stopped, the driver of the motorcycle never slowed down or applied its brakes and nev-

er swerved at all prior to the accident. There was also testimony that there was nothing to prevent or obstruct the motorcycle from turning either to the left or right and going around the stopped, or practically stopped, Mercury. In addition to this summary, the undisputed facts remain that the Mercury moved from a stop slowly into the intersection and came to a stop some 44 feet into the intersection, and the motorcycle traveled only some 16 feet into the intersection before the collision at the right front corner of the Mercury. The Mercury certainly entered the intersection some time before the motorcycle.

We feel that the present case is similar to such examples as DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Roberts v. Jordan, 408 S.W.2d 525 (Tex. Civ.App.1966, n. w. h.); Warren v. Dikes, 404 S.W.2d 946 (Tex.Civ.App.1966, n. w. h.); Tips v. Gonzalez, 362 S.W.2d 442 (Tex.Civ.App.1962, n. w. h.). The fact that the appellant had the right of way did not excuse him from exercising ordinary care for his own safety. Although not required to anticipate negligence or unlawful conduct on the part of others, he was not entitled to close his eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Lynch v. Ricketts (supra); DeWinne v. Allen (supra). The fact remains that the motorcycle driver passed the Hanley car a block, or a block and a half, before reaching the scene of the accident, and during this whole distance had a clear and unobstructed view of the scene; that the offending Mercury moved slowly into the intersection, and if the appellant was looking in an observant manner, he was bound to have seen the Mercury by virtue of the fact that he was traveling in the right-hand lane, farthest from its approach to his left. The "no evidence" point on appellant's failure to keep a proper lookout is overruled.

The appellant argues that Ruiz testified that when he entered the north lane of Yandell he first saw the appellant, who was then five or six car lengths away and who was traveling at least 40 miles an hour. Ruiz stated the following in his deposition: "I did see him to try to avoid it. I saw him looking at me and trying to avoid it like that." Therefore, with these judicial admissions on distance and speeds, the appellant would have had only 1.72 seconds to take evasive action and avoid the collision. The appellant cites authorities to the effect that when a person has approximately two seconds in which to take evasive action, then that person's alleged failure to keep a proper lookout could not be a proximate cause of the collision. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359; Continental Bus System v. Biggers, 322 S.W.2d 1 (Tex. Civ.App., Houston 1959, wr. ref. n. r. e.); Taylor v. Brooks, 392 S.W.2d 878 (Tex. Civ.App., Waco 1965, wr. ref. n. r. e.); Mesa Trucking Company v. King, 376 S.W.2d 863 (Tex.Civ.App., Amarillo 1964, wr. ref. n. r. e.); Jaynes v. Lee, 306 S.W. 2d 182 (Tex.Civ.App., Texarkana 1957, no writ). Our reading of the record reflects that Ruiz made the statement at a time when the motorcycle "was right on top of me", and further we feel that the statements are not such as to be judicial admissions, as they are not positive and definite facts. Ruiz's testimony, as a whole, shows that his estimates of time, distance and speed with both vehicles moving were opinions and not statements of absolute fact. The rule is stated in DeWinne v. Allen, supra, as follows:

"A party is not necessarily bound to a fact which he admits only by way of opinion. Petit v. Klinke, [152] Tex. [142], 254 S.W.2d 769."

Further, our interpretation of the record shows that the Mercury was within the clear view of the appellant for some time longer (at least some six seconds), during

which he could have taken some action. The slightest swerve to the right in this case would have avoided the collision. It is our view that a keeping of a proper lookout in this case would have prevented the unfortunate occurrence. Quoting from Enloe v. Barfield, 422 S.W.2d 905, Texas Supreme Court:

> "Courts are authorized to set aside jury findings on questions of proximate cause because of the absence of evidence to support them only in exceptional cases. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, at 983 (1941). This is not such a case."

A split-second time table must yield to the realities of the situation, and if the appellant was in a position to observe the offending Mercury soon after it entered the intersection, and its movement was such as to indicate an intention on the part of its driver to disregard the immediate hazard, then the appellant was duty-bound to surrender his superior right to the crossing in the interest of his own personal safety. This was a jury question under the instant facts, the principle involved being one of general acceptance. Watts v. Dallas Railway & Terminal Co., 279 S.W.2d 400 (Tex.Civ.App., wr. ref. n. r. e.). The finding of proximate cause is supported by the evidence because, if the appellant had kept a proper lookout, he might have slowed or taken evasive action to avoid the collision. The "no evidence" point on proximate cause is overruled.

Also, after considering and reviewing the entire record in this cause in the light of the rules announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we further hold that the jury's findings to the special issues under consideration are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. The appellant's two final points on "insufficiency of the evidence" as to the two issues under consideration are overruled.

The judgment of the trial court is affirmed.