**Eugene J. LOPRESTI, Appellant,**

v.

**Robert Earle WELLS, Appellee.**

**No. 17557.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 8, 1974.

---

Sears, Parker, Quisenberry & Spurlock, and Dean Spurlock, Fort Worth, for appellant.

Kelly & Walker, and Jearl Walker, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Eugene J. Lopresti, plaintiff, brought suit for damages on account of personal injuries sustained from negligence of defendant Robert Earle Wells. The occasion was an automobile collision of the vehicles driven by each at approximately 2:30 A.M. on the morning of Sunday, February 6, 1972. This occurred at the controlled intersection of highways FM 157 and SH 183, in Euless, Tarrant County, Texas. The form of control was by signal-light with red, yellow, and green lights, plus a green-arrow, left-turn signal to control automobiles turning to the left.

Trial was to a jury, which returned a verdict by which it refused to find that defendant entered the intersection against a red light; refused to find that he was at such time under the influence of intoxicating beverages; but did find that he was guilty of negligence in relation to the speed at which he was driving; that he negligently failed to timely apply his brakes; and failed to keep a proper lookout upon the occasion in question. Furthermore, the jury found that as applied to each instance of negligence such amounted to a proximate cause of the collision and resultant injuries to plaintiff.

With respect to the plaintiff the jury refused to find that he had entered the intersection against a red light; refused to find that the speed at which he was driving was negligence; refused to find that he was negligent in failing to timely apply his brakes; but found that he was negligent in that he failed to keep a proper lookout. The jury further found that plaintiff's failure to do so constituted a proximate cause of the collision and resultant injuries sustained by him.

Upon such verdict the court rendered a "take nothing" judgment as applied to the suit for damages by plaintiff, and he appealed.

We affirm.

It is obvious from our explanation of the verdict of the jury that plaintiff lost his case because he was guilty of negligence in failing to keep a proper lookout. Of the finding he complains by points of error which contend that there was no evidence to support the finding, that there was insufficient evidence to support the finding, and that the finding was so contrary to the great weight and preponderance of the evidence as to make it manifest that it was clearly erroneous. Like contentions were made in points of error relative to such failure to keep a proper lookout having amounted to a proximate cause of the collision and his injuries.

Coupled and germane to the above were other points of error which would obviously be resolved against plaintiff incident to the complaints set out in the paragraph above. These included the complaint upon the trial court's having overruled plaintiff's motion for judgment *non obstante veredicto.*

On the question of the jury's province to find a failure to keep a proper lookout in a case of analogy—in that there the jury did not have the testimony of the party found to have been negligent in such respect—we quote from a beginning on page 275 of the case of Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958), viz.: "In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. (Citing cases.) The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same." See also DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955).

In a review of the statement of facts, considered wholly apart from the evidence from the plaintiff himself, there is evidence which, when considered along with inferences which might properly be drawn therefrom, is sufficient to support the jury findings that plaintiff failed to keep a proper lookout and that such failure amounted to a proximate cause of the collision. Furthermore, it is our finding and conclusion that the jury findings thereupon

are not so against the great weight and preponderance of the evidence as to be clearly wrong.

Since we are affirming the judgment of the trial court it is unnecessary to set forth and analyze the evidence in the case. It suffices to state that it was ample to support the jury's verdict.

Trial of the case began December 17, 1973. Prior thereto, on or about June 13, 1973, plaintiff caused interrogatories to be served upon the defendant which requested that the defendant list information relating to the identity, location, and residential and employment addresses of all witnesses and potential witnesses who the defendant planned to bring to trial to testify. The request made was by authority of Texas Rules of Civil Procedure, rule 168, "Interrogatories to Parties", as amended and made effective February 1, 1973.

Under provision therefor made in Rule 168 the defendant made its objection to the purported requirement to plaintiff's demand, and upon a hearing held for the purpose of resolving the contest the trial court entered its order sustaining defendant's objection and quashed plaintiff's interrogatories and set forth that the defendant should not be required to make answer.

We take note of the fact that the matter of identity of expert witnesses is not here involved. The question in plaintiff's points of error involve a construction of Rule 168 relative to non-expert witnesses and, perhaps, to evidence found and developed as a part of the defendant's work product in preparation for trial. In the first paragraph of the rule it is stated that he upon whom demand is made "shall furnish such information as is available (to him)". In the fourth paragraph of the Rule is provided: "A party may be required in his answers to identify each person whom he expects to call as an expert witness . . . ." In the fourth paragraph of the Rule is also provided that "Interrogatories may relate to any matters which can be inquired into under Rule 186a . . . ."

Texas Rules of Civil Procedure 186a, "Scope of Examination (on deposition)", provides that unless otherwise ordered by the court as provided by Rule 186b (in which the only language perhaps here applicable reads: " . . . or the court may make any other order which justice requires to protect the party or witness from undue annoyance, embarrassment, oppression, or expense.") " . . . the deponent may be examined regarding any matter, not privileged, . . . whether it relates to . . . including . . . *the identity and location of persons,* including experts, having knowledge of relevant facts. . . . Provided, however, that subject to the provisions of the succeeding sentence, the *rights herein granted shall not extend to the work product of an attorney . . . where made subsequent to the occurrence or transaction upon which the suit is based,* and made in connection with the prosecution, investigation, or defense of such claim . . . (succeeding sentence). *Provided, further, that information relating to the identity and location of any potential party and of persons, including experts, having knowledge of relevant facts, . . . are discoverable."* (Emphasis supplied.)

■ At an earlier time (in June, 1972) plaintiff had, by the same Rule (T.R.C.P. 168), made demand that defendant file answers to the question: "Give the information relating to the identity and location, residential and employment address of any and all witnesses and potential witnesses to the accident on February 6, 1972, between . . . ." In answer defendant filed answer, as follows: "Other than himself, Robert Earl Wells, knows of no witness nor potential witness to this accident of February 6, 1972 . . . ." It was at the later time of June 13, 1973, that substantially the same question was posed in plaintiff's second demand. Obviously the inquiry was designed to learn the identity of those witnesses discovered by defendant since June, 1972, whose testimony the defendant might tender upon trial. These were, or would have been, witnesses developed as a part of the "work product" and pursuant to incident activities seeking wit-

nesses who might testify favorably to defendant's interest; though, nevertheless, they would undoubtedly also be persons who "having knowledge of relevant facts . . . are discoverable" as specified in Rule 186a, and therefore included in Rule 168 by provisions thereof last quoted.

On trial the defendant presented as a witness one Ramona Jo Howard, who was a passenger in the automobile of Phillip Shaw, one of the plaintiff's witnesses. In June of 1972 the plaintiff, in response to demand made of him by defendant under the provisions of Rule 168, had stated that Phillip Shaw was a witness expected to testify. Hence, if plaintiff had the substance of the testimony of Mr. Shaw he was bound to have had the information that Miss Howard was in his automobile at the time of the collision. In other words the presentation of Miss Howard as a witness would probably not have come as a surprise to plaintiff, though whether or not plaintiff was surprised was not settled, having never been claimed pursuant to any request for recess nor motion for continuance. Indeed, there was no objection to the introduction of testimony from Miss Howard and plaintiff's first complaint came on motion for new trial because her name was not given by defendant as a witness in response to plaintiff's demand in June, 1973.

■ We are unable, from the record, to determine whether defendant knew of Miss Howard and her testimony when the plaintiff's demand was made in 1973. Had she been taken on *voir dire* examination by plaintiff when she was tendered as a witness and thereupon elicited from her the fact that defendant did have her testimony in 1973 prior to the demand made of defendant under Rule 168, he might have, perhaps, laid a predicate for an attack upon the action of the trial court quashing the interrogatories and ordering that the defendant was not under obligation to respond to them. Absent such, however, plaintiff cannot be said to have preserved error, if any, for presentation to the appel-

late court. The points of error, therefore, are overruled.

As applied to the question there is certain analogy to the situations which present themselves in cases where there has been sustained a motion *in limine* and where by subsequent tender of evidence on trial there be apparent violation of the court's order. The law developed thereon establishes that the error, if any, is the reception of the evidence over objection made at the time it is tendered on trial; that the antecedent order of the court *in limine* merely provides the court with a weapon which it might or might not choose to use upon the occasion of trial if there is violation, but that as applied to the evidence of witnesses such is either received or excluded according to the ruling of the court when tendered on the trial, with the matter of existence of error examined in the appellate court as unrelated to its character as subject matter of an order *in limine*.

■ There will no doubt be occasion for disputes to be resolved in the appellate courts upon the provisions of Rule 168, but the present appeal does not present such an occasion. The complaint plaintiff desires to make was waived when he failed to make an objection to the reception of Miss Howard's testimony. Without such we are certain there was not preservation of plaintiff's complaint because the trial court had not sustained him in his demands under Rule 168, made in June, 1973. Of paramount control, however, would be the total absence of proof in the record that defendant, at the time he allegedly should have been compelled to answer, had been aware of Miss Howard's identity and testimony.

Furthermore, an examination of Miss Howard's testimony reveals that its reception, if error, was harmless by the "harmless error" Rule, T.R.C.P. 434, "If Judgment Reversed."

By several points of error plaintiff complains because his own testimony was admitted over his own objection relating to

his activities prior to and at time of the trial, since such testimony was based upon hearsay and not upon his own personal knowledge.

The cross-examination of a plaintiff is an activity to which the trial court, in the exercise of its discretion, is to give the defendant the greatest latitude. The true hazard for a trial court would lie in its undue limitation of cross-examination. It would be a most unusual case where plaintiff might obtain a reversal because the defendant was allowed too much liberty in his cross-examination; and this case is not one of them. In actuality the complaint amounts to permitting questions the answers to which would indicate that plaintiff did have personal knowledge if answered other than by a response to the effect that he did not, himself, know the answer. This was proper cross-examination, where the plaintiff-witness would be obliged to protect himself by his answers, or where any misconception would be corrected on subsequent re-direct examination.

We have considered all of plaintiff's points of error. Each is overruled.

Judgment is affirmed.