**J. E. McLELLAND, Sr., Appellant,**

v.

**Wilma Jones SIMPSON, Appellee.**

**No. 6033.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 1, 1969.

Rehearing Denied Oct. 22, 1969.

Gerald B. Shifrin, El Paso, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Paul McCollum, Odessa, for appellee.

OPINION

PRESLAR, Justice.

This is an automobile collision case in which the plaintiff appeals from a take-nothing judgment based upon special issues by which the jury found both parties guilty of negligence proximately causing the collision. Numerous acts of negligence were found against the appellee-defendant, Wilma Jones Simpson, and a single act of negligence was found against the appellant-plaintiff, J. E. McLelland, Sr. All assignments of error relate to that one act of

contributory negligence found against the plaintiff, and we have concluded that the jury's findings in regard thereto must be sustained.

By its answer to Issue No. 15, the jury found that on the occasion in question, J. E. McLelland, Sr. failed to apply his brakes in time to avoid the collision; that such was negligence (Issue 16), and that such was a proximate cause of the collision (Issue 17). At every step of the trial, appellant carefully preserved, and presents now, assignments that there is no evidence to warrant the submission of these issues, the court should have granted his motion for judgment N.O.V. or motion to disregard these issues, and there is no evidence to support the findings of the jury. All of these assignments present the law question of "no evidence", and we turn first to the jury's findings. Under such circumstances, the reviewing court may consider only that evidence, if any, which, viewed in the most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957). The question is one of the existence of the evidence—whether, in the record before us, there exists any evidence of probative value which, with the reasonable inferences therefrom, will support the findings. If reasonable minds cannot differ from the conclusion that the evidence lacks probative force, it will be held legally equivalent to "no" evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898); Woods v. Townsend, 144 Tex. 594, 192 S.W.2d 884. There can be little doubt that the evidence supports the findings of the act—the failure to apply brakes—so that the close questions are on Issues 16 and 17, negligence and proximate cause.

■ The witnesses before the jury on these matters were the plaintiff and defendant and the highway patrolman who investigated the accident. Photographs of the scene were also before the jury. As to the act—failure to apply brakes—the jury had the testimony of the highway patrolman that the speed of the plaintiff's car prior to impact was 60 miles per hour; that there were no skid marks; and that the point of impact was some one-tenth of a mile from the point where the plaintiff said he first saw the defendant's car. The collision occurred practically head-on, just to the right of center of the plaintiff's lane of traffic on what was described as a regular asphalt highway, a wide highway with two lanes of traffic and paved improved shoulders and wide flat bar ditches, just south of an underpass situated in the center of "sort of an 'S' curve". The jury had before it the testimony of the plaintiff that as he emerged from the underpass he saw the defendant's car approaching one-quarter of a mile away in his lane of traffic; that his attention was drawn to it at that point by its high speed and erratic movements. That the defendant's car went over to his side of the road, back and forth, more than three, "not less than three" times; "* * * it looked like she would nearly turn over when she would make these loops around this road"; that she was "running like a bat out of Hades", and "I don't know where she was trying to gain control of it, she showed no evidence of it, she never slacked her speed, she kept on acoming". The plaintiff testified that at such time he realized or knew that he was in a position of danger or peril. The defendant testified that the plaintiff proceeded straight on down the highway without letting up on his speed, as far as she knew, and that as far as she could tell, he took no evasive action. Much argument is presented regarding the time element—how much time the plaintiff had to react to the situation presented under the above issues, and at what point he was required to make application of his brakes to escape being negligent. The plaintiff-appellant urges that there was no way that he could have avoided the collision; that he was not obliged to brake until the "last" time defendant crossed over into his lane and the time was too short for evasive action at

that point. The issue presented to the jury and here under review did not so pin-point the plaintiff's conduct, but inquired whether "on the occasion in question" he failed to timely apply his brakes. The form of the issue was not questioned, so that the jury was entitled to consider the conduct of the plaintiff from the beginning to the end. The jury had before it definitions of "ordinary care", "negligence" and "proximate cause", and having viewed the evidence under the above rules, we conclude that there is evidence to sustain their answers to the three issues. It follows that we are also of the opinion that there was evidence to sustain the court's actions in submitting the issues in the first instance and in not disregarding the jury's answers thereto.

■ Appellant also assigns as error that the findings of the jury on these three issues are so contrary to the great weight and preponderance of the evidence as to be clearly wrong, and that the evidence is insufficient to support such findings. In determining such assignments of error, the reviewing court must examine all of the evidence, both pro and con, and is authorized to set aside the verdict and remand the cause for a new trial if it concludes that such verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S. W.2d 660; Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Texas Law Review 361. It is not pointed out by appellant how the evidence preponderates against these findings, and our extended study of the statement of facts and exhibits leads us to the conclusion that the instances where the evidence is different from that set out above are brought about by the conflicts in the plaintiff's own testimony and the conflicts between the testimony of the plaintiff with that of the highway patrolman and the defendant. Thus, the evidence which might be relied upon to preponderate against the findings is dependent on the credibility of the witnesses. The credibility of the witnesses and the weight to be given their testimony being within the province of the jury, we are of the opinion that the findings must stand.

All assignments of error have been considered, and all are overruled, and the judgment of the trial court is affirmed.