**C. L. HOLDER TRUCKING COMPANY and Hector George Holmans, Appellants,**

**v.**

**Jess ANTHONY, Individually and Betty McDaniel Anthony, Appellees.**

**No. 6331.**

Court of Civil Appeals of Texas, El Paso.

Sept. 12, 1973.

Turpin, Smith, Dyer, Harman & Dawson, James T. Smith, Midland, for appellant.

Warren Burnett, Associated Richard J. Clarkson-Ruff Ahders, Odessa, for appellee.

OPINION

WARD, Justice.

This is a suit for the personal injuries sustained by the Plaintiff, Betty Anthony, when the automobile she was driving collided with the rear wheels of a trailer drawn behind a truck driven by Hector George Holmans and owned by C. L. Holder Trucking Company. Based upon a jury verdict, judgment was entered in favor of Jess and Betty Anthony in the sum of $18,000.00. Before the accident, the two vehicles had been traveling in opposite directions. The principal complaint on this appeal is the refusal of the trial Court to submit the defensive contributory negligence issues concerning the lookout, application of brakes and turning to the right on the part of Betty Anthony. We hold that the issues were raised by the pleadings and the evidence and that the cause must be reversed and remanded.

The collision occurred on State Highway 18 on November 19, 1970, between 7:00 and 7:30 P.M. and at a time when it was dark. The weather was clear and the road at the place of the accident was flat and straight and was some 42 feet wide. The location is 7/10ths of a mile north of Kermit. Mrs Anthony, who had just left Kerbit, was driving a 1967 Pontiac north on the highway and was on her right side of the road. Mr. Holmans was driving an International truck pulling a float or flatbed trailer and was proceeding south toward Kermit. At the time of the accident, Holmans was either driving with a part of the trailer on the wrong side of the road or was stopped with the entire trailer blocking the highway.

By answers to the issues submitted, the jury found that Hector Holmans failed to keep his truck and trailer completely within the right half of the roadway; that such failure was a proximate cause of the occurrence. As to the contributory negli-gence, the jury found that the Plaintiff, Betty Anthony, immediately before the collision did not cross the center of the highway. By their pleadings, the Defendants raised the contributory negligence of Betty Anthony in the additional matters that she failed to keep a proper lookout, she failed to make timely application of the brakes of the automobile, and she failed to turn her vehicle so as to avoid the collision, each of which were alleged to be a proximate cause of the accident. By properly requested issues on these three matters, the alleged error of the Court has been preserved.

■ If there was any evidence of probative value to support an affirmative answer to these issues, it was the Court's duty to submit them. To determine whether there is evidence sufficient to raise such an issue, we are required to examine the record by the "no evidence test." In determining this law question, we must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965); Leatherwood Drilling Company v. TXL Oil Corporation, 379 S.W.2d 693 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r.e.). An issue of fact is presented because of a conflict in the testimony or because reasonable minds differ as to the inferences to be drawn from undisputed evidentiary facts, or because the sole evidence in support of the issue is opinion evidence or is from an interested party. 3 Mc-Donald, Texas Civil Practice, Sec. 12.08, p. 293.

With these principles as a foundation, we find that Mrs. Anthony had passed through Kermit and was traveling north on the highway to visit an aunt in Jal, New Mexico. She had her headlights on low beam and was driving 40 miles an hour, when she saw the headlights of a truck facing her in the other lane of traffic. According to her testimony, the truck had

on no other lights than its headlights and when she passed these headlights she first saw the trailer of the truck and it was stopped all the way across her lane of traffic and her side of the road. She stepped on the brakes and swerved to the right but the automobile struck the rear portion of the trailer. It was her testimony that even though she was coming straight down the highway "there was this truck-trailer blocking the highway, like a big iron wall"; that she did not see it until she passed the headlights, as it was dark. She readily admitted that there was nothing to block her vision. When she went by the truck, the cab and its headlights were pointing straight back down the highway.

Mr. Holmans, though testifying that he was driving on his side of the road at a speed of only 25 to 30 miles an hour, stated that at the time of the accident he had both his headlights and the running lights turned on. The running lights included both the clearance lights on the truck, clearance lights on the side of the float and taillights and he knows they were on because as soon as he got out of the truck, he walked back and saw all of his lights were burning.

The only other testimony concerning the accident came from the investigating Highway Patrolman, John Smithers, who stated the car hit the left rear dual wheel on the trailer. He found what he thought was some debris, including glass, from the accident four feet from the center stripe, and in Mrs. Anthony's lane of traffic. He said that if the trailer had been crosswise in the highway as described by Mrs. Anthony, the debris would have been off on the shoulder of the road and not where it was found. According to him, a person driving with lights on low beam at night should be able to see approximately 200 feet and would be able to see running lights on the trailer at a distance of 150 to 200 feet. His opinion was given to the effect that the truck and trailer were on the wrong side of the road and just before the accident occurred, the driver of the truck pulled to the right to avoid the accident and that the driver of the automobile did not have a chance to stop or to get out of the way.

The jury may well have agreed with Mrs. Anthony that the truck was stopped and that the float was entirely across her lane of traffic. By the same token, the jury could have accepted the testimony of the truck driver that all of his lights, including the running lights, were on and rejected the contrary testimony of Mrs. Anthony. As to the highway patrolman, the jury could have accepted his opinion that Mrs. Anthony could see about 200 feet ahead with her lights on low beam and could have seen the running lights on the trailer at 150 to 200 feet. The balance of his opinion evidence could have been discarded.

■ While Mrs. Anthony was not required to anticipate any such negligent conduct on the part of the truck driver, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). Had she maintained a proper lookout, the trailer with its running lights burning would have been in her field of vision at such a time that she could have taken the necessary evasive action and have avoided the collision. It was a jury issue. Owens v. Acme Oil Company, 408 S.W.2d 947 (Tex.Civ. App.—Tyler 1966, writ ref'd n.r.e.). If she had been observant under the above legitimate conclusions, she could have seen the danger long before she passed the headlights of the truck and been able to take the evasive action inquired about in the issues as to brakes and turning to the right. McLelland v. Simpson, 445 S.W.2d

822 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.).

■ Ordinarily, the issue of proximate cause is a question of fact for the determination of the jury. 40 Tex.Jur.2d Negligence, Sec. 165, p. 708; East Texas Motor Freight Lines, Inc. v. Neal, 443 S.W.2d 318 (Tex.Civ.App.—Texarkana 1969, writ ref'd n.r.e.). The time and distance factors argued by the Appellees to demonstrate the split second with which Mrs. Anthony could react and to demonstrate the lack of proximate cause to any of the contributory negligence issues are all based on assumptions that the jury might or might not have made. If the two vehicles were approaching each other at a combined speed of 65 to 70 miles an hour, if the running lights were off, and if Mrs. Anthony could not and did not see the trailer until she had passed the headlights of the truck, then their argument might be valid. However, as demonstrated, we are in the realm of fact issues, and within the province of the jury.

■ The presumption that an injured person was in the exercise of due care for her own safety when the accident occurred is of no avail to Appellees in the face of the produced and discussed facts. 1 McCormick and Ray, Texas Evidence, Sec. 57 (2d ed. 1956), p. 75. The first three points of the Appellants are sustained.

■ The final complaint made by the Appellants was that the highway patrolman was permitted to testify as to his opinion as to the point of impact, when he was not qualified as an accident reconstruction expert. The point is overruled as the Appellants waived any complaint and admitted to having done so on oral argument before us.

The judgment of the trial Court is reversed and the cause is remanded.

OSBORN, J., not sitting.