Darrell Jay IRWIN, Appellant,

v.

ATLAS TRUCK LINE, INC., Appellee.

No. 1037.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 11, 1974.

Rehearing Denied Jan. 8, 1975.

James R. Cornish, Houston, for appellant.

Howell E. Stone, Alice Giessel, Talbert, Giessel & Stone, Quinnan H. Hodges, Robert C. Floyd, Butler, Binion, Rice Cook & Knapp, Houston, for appellee.

CURTISS BROWN, Justice.

This is a personal injury case, arising out of a collision in which a large tractor-trailer unit collided with another such unit which had been parked at least partially in a driving lane of the Southwest Freeway at night.

The suit originated as an action by Atlas Truck Lines (Atlas or appellee), against Alamo Express, Inc. and Darrell Jay Irwin (Irwin or appellant). Ultimately, the case was tried to a jury with the parties aligned: Irwin as plaintiff; and Atlas and one Shanahan, an employee of Atlas at the time, as defendants.

The jury found a number of acts and omissions of negligence and proximate causation on the part of Atlas' employee Shanahan including a failure to have statutory tail lamps, stopping on the paved portion of the Southwest Freeway, failure to set out flares, fusees or electric lanterns as required by law, and failure to maintain visible reflectors. However, the jury also found in answer to special issues numbers 21 and 22 that Irwin failed to keep such a lookout as a person using ordinary care

would have kept and that such failure was a proximate cause of the accident.

At 4:50 a.m., on January 6, 1971, appellant was driving an Alamo Truck Lines, Inc. semi-trailer truck with a load of mattresses. Irwin entered the Southwest Freeway outbound at Milam Street. His head lights were on dim and he proceeded to bring his truck up to speed. Upon reaching the elevated portion of the freeway, he had a clear, unobstructed view of the freeway for approximately 1533 feet to the point of impact. The sky was overcast and there was no moon. The freeway lights were operating. Appellee's drivers, who were hauling loads of steel piling on flat bed trailers, had stopped on the side of the freeway. Their trucks were parked three feet into the emergency lane on the right and extended six feet into the right-hand driving lane. Within one-half minute of the time that these trucks stopped to tighten the load on the forward truck, the collision occurred. There were skid marks but no sign that appellant had swerved.

Appellant raises twelve points of error. The first nine attack the legal and factual sufficiency of the evidence to sustain the contributory negligence finding on proper lookout. Point ten complains of a failure to give a requested instruction. Point eleven attacks the jury finding of "none" to a medical expense issue and point twelve presents the contention that appellant was not permitted to make a closing argument to the jury.

We have considered the first nine points under appropriate standards. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); O'Connor, Evidence Points on Appeal, 37 Tex.B.J. 839 (1974); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 363 (1960). These points are overruled.

Irwin testified that when he first came up on the incline, he was looking straight down the freeway. "I could cover it all", he stated. He also testified that he glanced in the rear-view mirrors and "when I looked back—well, that's all I remember." The next thing he remembered was being told that he had hit a truck. He testified that he replied, "How the 'H' did I hit a truck when there wasn't a truck in the road?" The photo showed that appellant made no attempt to swerve. This was corroborated by testimony of the forward Atlas driver who testified that appellant did not try to turn the truck to the left. Appellant testified that he could see a person or unlighted vehicle, in complete darkness from at least 200 feet, solely by the light from his head lights on dim. He also stated that in an emergency, he could move the truck over six feet to the left or right in 125 feet of forward movement, after checking his mirrors and applying his brakes. Appellant's expert witness on illumination, although testifying that the area near the emergency lane gave no light-meter reading, conceded that the lights on the freeway did aid vision. He also testified that the Atlas truck and its load of steel would reflect some light. Appellee's driver, Sanders, testified that the freeway was well-lighted where he and the other driver stopped. He also testified that the other Atlas driver's head lights and front four-way flashers were operative.

Irwin testified as to a period of amnesia or failure to recall immediately before impact. He was thus entitled to a presumption that he was not negligent and to an instruction to that effect. However, no such instruction was requested. Such presumption, however, would have been rebutted by the evidence raising a fact question on his failure to keep a proper lookout. We can appreciate appellant's feeling that he had the better side of the facts since appellee's driver's conduct in parking in a travel lane of the Southwest Freeway was inexcusable. However, appellant can

take small comfort from the fact that he is not the first to suffer from the vicissitudes of litigation. The evidence raised a question of his lookout and the jury found against him. We cannot say that there was no evidence to support such findings nor that they were insufficiently supported.

■■ Appellant next contends that the trial court erred in not instructing the jury:

## PROPER LOOK OUT

In connection with this issue you are instructed that a person is not bound to anticipate the negligent or unlawful conduct, if any, on the part of another.

Effective September 1, 1973, the Supreme Court has amended Rule 277, Texas Rules of Civil Procedure, for the laudable purpose of eliminating most technicalities previously encountered in special issue submissions. It is specifically provided that the court should submit such explanatory instructions and definitions that may be proper to enable the jury to render a verdict without being subject to the objection that it is a general charge. The Rule expressly permits comment on the weight of the evidence when it is properly a part of an explanatory instruction or definition. This amended Rule should be liberally construed so as to permit the trial court to give instructions with respect to presumptions, definitions, and other explanations without encountering technical reversals on the grounds that such are general charges or comments on the weight of the evidence. Insofar as the requested instruction states that one is not bound to anticipate negligent or unlawful conduct, the statement is within the law and should have been given. However, by labeling the instruction "PROPER LOOK OUT" and limiting its application to that single issue, appellant invoked the discretion of the trial court to refuse to give such instruction as worded. Tex.R.Civ.P. 273.

■ Point eleven complaining of the medical expense finding is overruled. We do find that the jury's finding with regard to past medical expenses was contrary to the great weight and preponderance of the evidence in view of the fact that the parties entered into a stipulation reflecting $1,223.01 of such expense. However, in view of the jury's findings of contributory negligence, this error is harmless. Tex.R. Civ.P. 434; Southern Pine Lumber Company v. Andrade, 132 Tex. 372, 124 S.W. 2d 334 (Tex.Comm'n App.1939, opinion adopted).

■ By his point twelve, appellant takes the position that he was deprived of the right to make a closing argument. However, his bill of exception contains the following qualification:

Correction by the Court: The Court, after inquiring of counsel for all parties how much time for argument each desired, assigned one hour to counsel for each party for argument. At his request, counsel for Cross-Plaintiff was warned when he had addressed the jury for forty-five minutes. Counsel continued to address the jury for fifteen more minutes after such warning.

■ Having presented no bystander's bill, appellant is bound by the court's qualification. Hall v. Texas Department of Public Safety, 413 S.W.2d 470 (Tex.Civ. App.-Austin 1967, no writ). Under the bill as so qualified, it appears that appellant simply used up his allotted time in his opening argument. We cannot say that the trial court abused its discretion with reference to the argument. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953).

All of appellant's points have been considered and are overruled. The judgment of the trial court is affirmed.

Affirmed.