**Bernard AROCHA and Mary Arocha, Appellants**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Chubb Lloyd's Insurance Company of Texas, Appellees.**

**No. 14–05–00012–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 22, 2006.

Tonja K. Doddy, Wade Thomas Howard, Houston, for appellants.

Greg Lauglin, Lynda Kae Stewart, Pamela Renee Young Kaminsky, Sugarland, Michael W. Cooper, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this personal injury action, Bernard and Mary Arocha (the "Arochas") appeal a take-nothing judgment entered in favor of their uninsured/underinsured automobile liability insurers, State Farm Mutual Automobile Insurance Company and Chubb Lloyd's Insurance Company of Texas (collectively, the "insurers"), on the grounds that the trial court erred by: (1) denying their requested jury instruction; and (2) overruling their objection to closing argument in which the insurers' trial counsel violated the "golden rule." We affirm.

### Background

In June of 2001, while riding a bicycle, Bernard Arocha ("Bernard") was injured in a collision with a car (the "car") in a cross-walk. The Arochas sued the insurers under the underinsured motorist coverage on their policies. At trial, the jury found Bernard's negligence to be the sole

proximate cause of his injuries, and a take-nothing judgment was entered on the verdict.

## Jury Instruction

■ The Arochas' first issue argues that the trial court erred by refusing to submit the following requested jury instruction (the "instruction"): "The law does not require that a person anticipate negligent or unlawful conduct on the part of another." The Arochas contend that this instruction was necessary because: (1) the car was stopped at the intersection and the light was green in the direction Bernard was traveling; (2) Bernard was clearly visible to the driver of the car for fifteen to twenty seconds before he entered the crosswalk; and, thus (3) the only way the jury could have found Bernard negligent was if it incorrectly determined that he had a duty to anticipate that the driver of the car might negligently turn into the intersection on a red light without first ensuring that it was safe to proceed.

■ A trial court must submit to the jury such instructions as are necessary to enable the jury to render a verdict. TEX.R. CIV. P. 277. However, a jury should not be burdened with surplus instructions, even those that correctly state the law. *See Acord v. Gen. Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984). We review a trial court's decision to submit or refuse a particular instruction for abuse of discretion. *Shupe v. Lingafelter,* 192 S.W.3d 577, 579 (Tex.2006). The omission of an instruction is reversible error only if it probably caused the rendition of an improper judgment. *Id.*

Here, the jury charge submitted by the trial court comports with the Texas Pattern Jury Charge ("PJC") Broad Form Submission of Negligence and Proximate Cause.[1] The Arochas have not cited: (1) any portion of the PJC in which an instruction of the kind they requested is prescribed or even mentioned as a possibility; or (2) any authority in which the denial of such a jury instruction was found to be error.

As to whether the instruction was nevertheless necessary to enable the jury to render a verdict, we find guidance in *DeWinne.* *See DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95, 98 (1955). In that case, a jury found that Mr. DeWinne's failure to keep a proper lookout for a driver travel-

---

1. *See* COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEXAS PATTERN JURY CHARGES—GENERAL NEGLIGENCE & INTENTIONAL PERSONAL TORTS PJC 2.1, 2.4, 4.1 (2003). The relevant portion of the jury charge is as follows:

Did the negligence[,] if any, of those named below proximately cause the occurrence in question?

"Negligence" means failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" for each of the following:

A. Liza Kutner _____

B. Bernard Arocha _____

The jury answered "no" as to Kutner (the driver), and "yes" as to Bernard.

ing the wrong direction on a one-way street was a proximate cause of the collision with that driver (whose negligence was also found to be a proximate cause). The trial court granted the DeWinnes a JNOV. In affirming the court of appeals's reversal of that JNOV, the Texas Supreme Court explained why: (1) the principle set forth in the Arochas' proposed instruction is a correct but incomplete (and thus potentially misleading) statement of the law; and (2) the premise on which they base their argument is incorrect:

It is well settled that a person is not bound to anticipate negligent or unlawful conduct on the part of another. In the absence of knowledge to the contrary, therefore, Mr. DeWinne was entitled to assume that no vehicles were traveling in a southerly direction on San Saba Street, and was under no duty to look to the north for the purpose of ascertaining whether or not a vehicle was approaching the intersection from that direction.

It does not, however, necessarily follow that as a matter of law Mr. DeWinne kept a proper lookout. Every person proceeding along or across a public street is under the duty at all times to maintain a proper lookout for his own safety, and may not proceed blindly and in disregard of dangers that might rea-

sonably be anticipated to exist. It cannot be said that the only peril which reasonably might have been anticipated by Mr. DeWinne under the circumstances would necessarily have arisen from events occurring or conditions existing to his right. The fact that petitioners were approaching [sic] the intersection of two one-way streets and that danger would more likely arise from vehicles to their right did not eliminate the possibility of their encountering pedestrians, street defects or other conditions creating a situation of peril.

*Id.* (citations omitted). As in *DeWinne*, the possible negligence of the other person in the collision did not relieve Bernard of his duty to maintain a proper lookout, and there was conflicting evidence in this case regarding which party was in the better position to see the other as their paths converged. Therefore, it is not the case, as the Arochas argue, that the only way the jury could have found Bernard negligent was if it incorrectly determined that he had a duty to anticipate that the driver of the car might negligently turn into the intersection on a red light without first ensuring that it was safe to proceed. Because the Arochas' first issue thus fails to demonstrate that the instruction was necessary to enable the jury to render a verdict, it is overruled.[2]

---

**2.** In *Irwin,* this court held that a similar requested instruction should have been given, but because it was limited to the issue of proper lookout, it was within the trial court's discretion to refuse:

Appellant next contends that the trial court erred in not instructing the jury:
PROPER LOOK OUT
In connection with this issue you are instructed that a person is not bound to anticipate the negligent or unlawful conduct, if any, on the part of another.
Effective September 1, 1973, the Supreme Court has amended Rule 277, Texas Rules of Civil Procedure, for the laudable purpose

of eliminating most technicalities previously encountered in special issue submissions. It is specifically provided that the court should submit such explanatory instructions and definitions that may be proper to enable the jury to render a verdict without being subject to the objection that it is a general charge. The Rule expressly permits comment on the weight of the evidence when it is properly a part of an explanatory instruction or definition. This amended Rule should be liberally construed so as to permit the trial court to give instructions with respect to presumptions, definitions, and other explanations without encounter-

### Improper Jury Argument

■ The Arochas' second issue complains that the trial court erred by overruling their objection to the closing argument in which one of the insurers' counsel improperly admonished the jurors to put themselves in the driver's position:

> [Insurer's Counsel]: I think your greatest challenge as jurors in this case is to do this, to take yourself back to Thursday of last week before you became involved in this case, before you became fact finders in this case, before you heard this story; your challenge is not to let what we call hindsight bias affect your decision making. It's easy now that we know he ran into her [the driver] and caused this to happen, that something happened. *But take yourself back to your driving last Thursday when you're at an intersection and what you're doing to make sure it's safe to go, and you're about to turn—*
>
> [Arocha's Counsel]: Objection, Your Honor, improper jury argument. He's asking the jury to put themselves in the place of [the driver].
>
> The Court: Overruled
>
> \* \* \* \*
>
> [Insurer's Counsel]: So it's your challenge as jurors to take yourself back and ... judge what an ordinary person would do.... If [the driver] used ordinary care she's not negligent.... So what did she do? She stopped in the

proper place, she looked for traffic, she waited until it was safe to go, and she slowly pulled into the intersection. Everything else they say about her is all that hindsight bias.

(emphasis added). The Arochas contend that this argument encouraged the jurors to make a decision as if they were the defendant and, thus, how they would have acted in her situation.

■ An argument that asks the jury to consider the case from an improper viewpoint, such as by putting themselves in the place of a party in order to decide the case as they would want a jury to decide it if they were that party is improper. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 481–82 (1943). In this case, the challenged portion of the argument, taken in context, did not ask the jury to do that, but, instead, to decide based on what conduct would have been objectively reasonable for a person in the driver's position at an intersection. Therefore, the Arochas' second issue is overruled, and the judgment of the trial court is affirmed.

---

ing technical reversals on the grounds that such are general charges or comments on the weight of the evidence. *Insofar as the requested instruction states that one is not bound to anticipate negligent or unlawful conduct, the statement is within the law and should have been given. However, by labeling the instruction 'PROPER LOOK OUT' and limiting its application to that single issue, appellant invoked the discretion of the trial court to refuse to give such instruction as worded.* Tex.R.Civ.P. 273.

*Irwin v. Atlas Truck Line, Inc.,* 517 S.W.2d 637, 640 (Tex.Civ.App.-Houston [14th Dist.] 1974, writ ref'd n.r.e.) (emphasis added). Admittedly, the rationale of the distinction made in *Irwin* is not apparent, but the foregoing discussion in that opinion does not persuade us, in light of the other applicable considerations, that such an instruction was required in this case, if any.