Affirmed and Opinion filed August 22, 2006








Affirmed and Opinion filed August 22, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00012-CV

_______________

 

BERNARD AROCHA and MARY AROCHA, Appellants

 

V.

 

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and

CHUBB LLOYD=S INSURANCE COMPANY OF TEXAS, 

Appellees

                                                                                                                 
                              

On Appeal from 333rd District Court

Harris County, Texas

Trial Court Cause No. 03‑01969

                                                                                                                                    
           

 

O P I N I O N

In this personal injury action,
Bernard and Mary Arocha (the AArochas@) appeal a take-nothing judgment entered in favor of their
uninsured/underinsured automobile liability insurers, State Farm Mutual
Automobile Insurance Company and Chubb Lloyd=s Insurance Company of Texas
(collectively, the Ainsurers@), on the grounds that the trial court erred by: (1) denying
their requested jury instruction; and (2) overruling their objection to closing
argument in which the insurers= trial counsel violated the Agolden rule.@  We affirm. 








Background

In June of 2001, while riding a
bicycle, Bernard Arocha (ABernard@) was injured in a collision with a car (the Acar@) in a cross-walk.  The Arochas sued
the insurers under the underinsured motorist coverage on their policies.  At
trial, the jury found Bernard=s negligence to be the sole proximate cause of his injuries,
and a take-nothing judgment was entered on the verdict.

Jury Instruction

The Arochas= first issue argues that the trial
court erred by refusing to submit the following requested jury instruction (the
Ainstruction@): AThe law does not require that a
person anticipate negligent or unlawful conduct on the part of another.@  The Arochas contend that this
instruction was necessary because: (1) the car was stopped at the intersection
and the light was green in the direction Bernard was traveling; (2) Bernard was
clearly visible to the driver of the car for fifteen to twenty seconds before
he entered the crosswalk; and, thus (3) the only way the jury could have found
Bernard negligent was if it incorrectly determined that he had a duty to
anticipate that the driver of the car might negligently turn into the
intersection on a red light without first ensuring that it was safe to proceed.

A trial court must submit to the jury
such instructions as are necessary to enable the jury to render a verdict.  Tex. R. Civ. P. 277.  However, a
jury should not be burdened with surplus instructions, even those that
correctly state the law.  See Acord v. Gen. Motors Corp., 669 S.W.2d
111, 116 (Tex. 1984).  We review a trial court=s decision to submit or refuse a
particular instruction for abuse of discretion.  Shupe v. Lingafelter,
192 S.W.3d 577, 579 (Tex. 2006).  The omission of an instruction is reversible
error only if it probably caused the rendition of an improper judgment. Id.








Here, the jury charge submitted by
the trial court comports with the Texas Pattern Jury Charge (APJC@) Broad Form Submission of Negligence
and Proximate Cause.[1]  The Arochas
have not cited: (1) any portion of the PJC in which an instruction of the kind
they requested is prescribed or even mentioned as a possibility; or (2) any
authority in which the denial of such a jury instruction was found to be error.








As to whether the instruction was
nevertheless necessary to enable the jury to render a verdict, we find guidance
in DeWinne.  See DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95,
98 (1955).  In that case, a jury found that Mr. DeWinne=s failure to keep a proper lookout
for a driver traveling the wrong direction on a one-way street was a proximate
cause of the collision with that driver (whose negligence was also found to be
a proximate cause).  The trial court granted the DeWinnes a JNOV.  In affirming
the court of appeals=s reversal of that JNOV, the Texas Supreme Court explained
why: (1) the principle set forth in the Arochas= proposed instruction is a correct
but incomplete (and thus potentially misleading) statement of the law; and (2)
the premise on which they base their argument is incorrect:

It is well
settled that a person is not bound to anticipate negligent or unlawful conduct
on the part of another.  In the absence of knowledge to the contrary,
therefore, Mr. DeWinne was entitled to assume that no vehicles were traveling
in a southerly direction on San Saba Street, and was under no duty to look to
the north for the purpose of ascertaining whether or not a vehicle was
approaching the intersection from that direction.

It does not,
however, necessarily follow that as a matter of law Mr. DeWinne kept a proper
lookout.  Every person proceeding along or across a public street is under the
duty at all times to maintain a proper lookout for his own safety, and may not
proceed blindly and in disregard of dangers that might reasonably be
anticipated to exist.  It cannot be said that the only peril which reasonably
might have been anticipated by Mr. DeWinne under the circumstances would
necessarily have arisen from events occurring or conditions existing to his
right.  The fact that petitioners were appraoching [sic] the intersection of
two one‑way streets and that danger would more likely arise from vehicles
to their right did not eliminate the possibility of their encountering
pedestrians, street defects or other conditions creating a situation of peril.

Id. (citations omitted).  As in DeWinne, the
possible negligence of the other person in the collision did not relieve
Bernard of his duty to maintain a proper lookout, and there was conflicting
evidence in this case regarding which party was in the better position to see
the other as their paths converged.  Therefore, it is not the case, as the
Arochas argue, that the only way the jury could have found Bernard negligent
was if it incorrectly determined that he had a duty to anticipate that the
driver of the car might negligently turn into the intersection on a red light
without first ensuring that it was safe to proceed.  Because the Arochas= first issue thus fails to
demonstrate that the instruction was necessary to enable the jury to render a
verdict, it is overruled.[2]








Improper Jury Argument

The Arochas= second issue complains that the
trial court erred by overruling their objection to the closing argument in
which one of the insurers= counsel improperly admonished the jurors to put themselves
in the driver=s position:

[Insurer=s Counsel]:  I think your greatest challenge as jurors
in this case is to do this, to take yourself back to Thursday of last week
before you became involved in this case, before you became fact finders in this
case, before you heard this story; your challenge is not to let what we call
hindsight bias affect your decision making.  It=s easy now that we know he ran into her [the driver] and caused this to
happen, that something happened.  But take yourself back to your driving
last Thursday when you=re at an
intersection and what you=re doing to make sure it=s safe to go, and you=re about to turn BB

[Arocha=s Counsel]: Objection, Your Honor, improper jury
argument.  He=s asking the jury to put themselves in the place of
[the driver].








The Court: Overruled

*          *          *          *

[Insurer=s Counsel]: So it=s
your challenge as jurors to take yourself back and . . . judge what an ordinary
person would do . . . .  If [the driver] used ordinary care she=s not negligent . . . .  So what did she do?  She
stopped in the proper place, she looked for traffic, she waited until it was
safe to go, and she slowly pulled into the intersection.  Everything else they
say about her is all that hindsight bias.

(emphasis added).  The Arochas
contend that this argument encouraged the jurors to make a decision as if they
were the defendant and, thus, how they would have acted in her situation.

An argument that asks the jury to
consider the case from an improper viewpoint, such as by putting themselves in
the place of a party in order to decide the case as they would want a jury to
decide it if they were that party is improper.  Fambrough v. Wagley, 140
Tex. 577, 169 S.W.2d 478, 481-82 (1943).  In this case, the challenged portion
of the argument, taken in context, did not ask the jury to do that, but,
instead, to decide based on what conduct would have been objectively reasonable
for a person in the driver=s position at an intersection.  Therefore, the Arochas= second issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 22, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.









[1]           See Comm. on Pattern Jury Charges, State Bar of Texas Pattern Jury
ChargesBGeneral Negligence & Intentional Personal Torts PJC 2.1, 2.4, 4.1 (2003).  The relevant portion of the
jury charge is as follows:

Did the
negligence[,] if any, of those named below proximately cause the occurrence in
question?

ANegligence@ means failure to use ordinary care; that is, failing
to do that which a person of ordinary prudence would have done under the same
or similar circumstances or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances

AOrdinary care@ means that degree of care that would be used by a
person of ordinary prudence under the same or similar circumstances.

AProximate cause@ means that cause which, in a natural and continuous
sequence, produces an event, and without which cause such event would not have
occurred.  In order to be a proximate cause, the act or omission complained of
must be such that a person using ordinary care would have foreseen that the
event, or similar event, might reasonably result therefrom.  There may be more
than one proximate cause of an event.

Answer AYes@ or ANo@ for each of
the following:

A.         Liza Kutner                            

B.         Bernard Arocha             

The jury
answered Ano@ as to Kutner
(the driver), and Ayes@ as to
Bernard.   





[2]           In Irwin, this
court held that a similar requested instruction should have been given, but
because it was limited to the issue of proper lookout, it was within the trial
court=s discretion to refuse:

Appellant next contends that the
trial court erred in not instructing the jury:

                                                               PROPER
LOOK OUT

In connection with this issue you are
instructed that a person is not bound to anticipate the negligent or unlawful
conduct, if any, on the part of another.

Effective September 1, 1973, the
Supreme Court has amended Rule 277, Texas Rules of Civil Procedure, for the
laudable purpose of eliminating most technicalities previously encountered in
special issue submissions.  It is specifically provided that the court should
submit such explanatory instructions and definitions that may be proper to
enable the jury to render a verdict without being subject to the objection that
it is a general charge.  The Rule expressly permits comment on the weight of
the evidence when it is properly a part of an explanatory instruction or
definition.  This amended Rule should be liberally construed so as to permit
the trial court to give instructions with respect to presumptions, definitions,
and other explanations without encountering technical reversals on the grounds
that such are general charges or comments on the weight of the evidence.  Insofar
as the requested instruction states that one is not bound to anticipate
negligent or unlawful conduct, the statement is within the law and should have
been given.  However, by labeling the instruction 'PROPER LOOK OUT' and
limiting its application to that single issue, appellant invoked the discretion
of the trial court to refuse to give such instruction as worded. 
Tex.R.Civ.P. 273.

Irwin v.
Atlas Truck Line, Inc., 517 S.W.2d
637, 640 (Tex. Civ. App.CHouston [14th Dist.] 1974, writ ref=d n.r.e.) (emphasis added).  Admittedly, the rationale
of the distinction made in Irwin is not apparent, but the foregoing
discussion in that opinion does not persuade us, in light of the other
applicable considerations, that such an instruction was required in this case,
if any.