**Affirmed and Memorandum Opinion filed August 30, 2016.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-15-00628-CV

**DEBBIE PATTILLO, Appellant**

**V.**

**SYLVIA FRANCO, Appellee**

**On Appeal from the Co Civil Ct at Law No 4**
**Harris County, Texas**
**Trial Court Cause No. 1024502**

## M E M O R A N D U M   O P I N I O N

In this personal-injury case, appellant Debbie Pattillo brought suit against appellee Sylvia Franco for damages she sustained in an automobile collision with a vehicle operated by Franco. Following a one-day trial, the jury returned its verdict awarding Pattillo no damages and the trial court signed a final judgment in conformity with the jury's verdict. Pattillo appeals that judgment, contending that

the trial court erred in refusing to submit requested instructions to the jury on circumstantial evidence and the eggshell-skull rule.[1] We affirm.

## BACKGROUND

*Collision*

On December 22, 2010, while in stop-and-go traffic, Franco rear-ended Pattillo. The parties stopped and Pattillo stated she was okay. There was minimal damage to both vehicles; Franco's vehicle had a slight dent in the license plate and Pattillo's rental car had little damage, as well. The two motorists exchanged insurance information and both parties drove away in their respective vehicles.

About three weeks after the accident, on January 12, 2011, Pattillo visited a chiropractor, reporting that her lower back was injured in the automobile accident. Thereafter, Pattillo was diagnosed with a lumbar herniated disc and received epidural steroid injections (ESI) in April and June 2011. She had no low-back medical treatment in 2012 or 2013. In 2014, Pattillo had a third ESI treatment.

Pattillo also complained that her left shoulder was sore following the accident. Pattillo had magnetic resonance imaging (MRI) performed on her left shoulder and was diagnosed with a strain and bone contusion. According to medical records, Pattillo reported "a chronic 2-year history of left shoulder pain."

*Trial*

Franco stipulated to liability, and on June 3, 2015, Pattillo's damages were tried to a jury. Pattillo testified that after the accident she experienced low-back

---

[1] In her appellate brief, Pattillo sets forth three issues; however, the first "issue" is only a recitation of the purported standard of review for jury-charge error. Pattillo makes no reference to her particular case and does not argue any trial court error under "issue" one. To the extent she argues this standard of review as a separate issue, we conclude she has presented nothing for review and accordingly overrule the first issue.

pain. According to Pattillo's testimony on direct examination, she had never previously sought treatment for an injury to her back. During cross-examination, however, Pattillo admitted that she sought and received treatment for low-back back pain in August 2010.[2] As an explanation for her impeached testimony, she stated, "I didn't recall that, sorry."

With regard to her shoulder, Pattillo denied at trial ever having any treatment on her shoulder prior to the accident and testified that she believed her shoulder was injured in the accident—"that's when I noticed pain in the shoulder." Pattillo offered contradictory testimony about which shoulder was injured. She testified that it was her right shoulder that was injured in the accident, "My left one. – excuse me, my right one." When discussing how the driver-side seatbelt bruised her shoulder, Pattillo grabbed her right shoulder.

After the close of evidence, the trial court conducted a charge conference. At that time, Pattillo's counsel requested an instruction on circumstantial evidence and the eggshell-skull rule.[3] The trial court refused both instructions. Nevertheless, Pattillo's counsel argued to the jury that they should consider the circumstantial evidence with regard to Pattillo's injury. In his closing, Pattillo's counsel also argued that if Pattillo had a pre-existing condition, Franco was responsible for aggravating it.

---

[2] Pattillo had visited her doctor at the Kelsey Seybold Clinic in August 2010—just four months before the accident—and sought treatment for "constant" low-back pain. Pattillo's doctor prescribed her a ninety-day supply of a muscle relaxant for back pain and muscle spasms. Her prescription ran out just a few weeks before the accident.

[3] A tortfeasor takes a plaintiff as she finds her. *See Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex. 1988) (*a.k.a.* the "eggshell skull rule"). The application of this rule means that a tortfeasor may be liable for aggravation of a pre-existing physical condition of the plaintiff caused by the tortfeasor.

The trial court then read the charge to the jury. The trial court asked the jury to determine "[w]hat sum of money, if paid now in cash, would provide fair and reasonable compensation for DEBBIE PATTILLO's injuries, if any that resulted from the occurrence in question." The jury returned its verdict awarding Pattillo no damages. The trial court signed a final judgment in conformity with the verdict and this appeal timely followed.

## ISSUES AND ANALYSIS

Pattillo raises the following issues on appeal: (1) whether the trial court's failure to instruct on circumstantial evidence resulted in an improper and unjust verdict; and (2) whether the trial court's failure to instruct on the eggshell-skull rule constitutes reversible error.

## A. Standard of Review

A trial court must submit to the jury such instructions as a necessary to enable the jury to render a verdict. Tex. R. Civ. P. 277; *see Thomas v. Uzoka*, 290 S.W.3d 437, 443 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Submission of instructions is limited to those issues "raised by the written pleadings and the evidence." Tex. R. Civ. P. 278; *see Rigdon Marine Corp. v. Roberts*, 270 S.W.3d 220, 228 (Tex. App.—Texarkana 2008, pet. denied) ("An instruction is proper if it might assist the jury in answering the submitted questions, accurately states the law, and finds support in the pleadings and evidence.").

A trial court has considerable discretion in deciding which instructions are necessary and proper in submitting the charge to the jury. *State Farm Lloyds Ins. Co. v. Nicolau*, 951 S.W.2d 444, 451-52 (Tex. 1997). Yet, the jury should not be burdened with surplus instructions, even those that accurately state the law. *Arocha v. State Farm Mut. Auto. Ins. Co.*, 203 S.W.3d 443, 445 (Tex. App.—

4

Houston [14th Dist.] 2006, no pet.). Therefore, we review a trial court's decision to submit or refuse a particular instruction for abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006).[4] When a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict. *See* Tex. R. Civ. P. 277 & 278; *Texas Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 911 (Tex. 2000).

## B.    Jury Instructions

### 1.    Circumstantial Evidence

In her first issue, Pattillo contends that the trial court erred by failing to submit the following instruction:

> You are instructed that a fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

Pattillo argues that the failure to include this proposed instruction was an abuse of discretion because she submitted a "mountain of circumstantial evidence" from which the jury reasonably could have concluded that the injuries to her shoulder and back were caused by the collision.[5] According to Pattillo, "the jury was not provided with that opportunity because they were unaware they could rely upon circumstantial evidence."

---

[4] The trial court is granted considerably more latitude in submitting instructions than it is granted in submitting questions. *Harris v. Harris*, 765 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

[5] In the argument portion of her brief, Pattillo fails to provide even one record citation to the "mountain of evidence" submitted.

As set forth above, a trial court is vested with broad discretion in determining which legally correct instructions are necessary and proper. *Nicolau*, 951 S.W.2d at 451-52. In her appellate brief, Pattillo fails to cite any authority mandating that a trial court submit an instruction on circumstantial evidence. As the Texas Supreme Court has observed, in practically all cases, some of the evidence is circumstantial. *Johnson v. Zurich Gen. Accident & Liab. Ins. Co.*, 205 S.W.2d 353, 354 (Tex. 1947). "Surely a jury understands that it is its function to make reasonable inferences from proven facts, and we are unwilling to sanction a rule based upon the hypothesis that it does not." *Id.* Thus, it is not reversible error to fail to include a circumstantial-evidence instruction in the jury charge. *Id.*; *see also Adams v. Valley Fed. Credit Union*, 848 S.W.2d 182, 188 (Tex. App.—Corpus Christi 1992, writ denied) ("We find no error in the trial court's determination to exclude the instruction [on circumstantial evidence]."); *Daniels v. Southwestern Transp.*, 621 S.W.2d 188, 191 (Tex. App.—Texarkana 1981, no writ) (holding trial court's refusal to give jury instruction on circumstantial evidence was not error).

Moreover, the trial court's refusal of the requested instruction did not probably cause the rendition of an improper judgment, as required under Texas Rule of Appellate Procedure 44.1(a)(1). In closing argument, Pattillo's trial counsel repeatedly argued that the jury should consider the circumstantial evidence in reaching its decision. The fact that the jury did not award Pattillo damages does not mean that it did not consider circumstantial evidence. The jury reasonably could have inferred from the evidence presented at trial of Pattillo's prior treatment for low-back pain that Pattillo's injuries did not result from the accident. In other words, the jury reasonably could have inferred from the circumstantial evidence

6

that Pattillo had herniated discs prior to the accident, but the accident was so minor that it did not exacerbate her pre-existing condition.

We find no abuse of discretion in the trial court's determination to exclude the requested instruction on circumstantial evidence, and the omission of the instruction did not probably cause the rendition of an improper judgment. We overrule Pattillo's issue.

## 2.    Eggshell-skull rule

In her second issue, Pattillo argues that the trial court erred by failing to submit the following instruction:

> You are instructed that a defendant takes a plaintiff as she finds her. This means that regardless of Debbie Patillo's [sic] physical condition at the time of the incident, she is entitled to recover the damages resulting from the incident conditioned as she was at the time of the injury. The fact that Debbie Patillo [sic] had physical problems at the time of the incident that made her more susceptible to injury does not, in itself, relieve the Defendant of liability for all damages sustained by Debbie Patillo [sic] that were proximately caused by or aggravated by the incident.

Pattillo contends that the jury should have been instructed that Franco "could be held liable for the injuries caused by the collision, in spite of her weakened condition that may have allowed the injury to either occur or be extraordinarily sever [sic]." According to Pattillo, if the jury had been so instructed, "there is a high probability, if not a certainty the jury would have found, by preponderance of the evidence, Plaintiff's damages were caused by the collision."

The trial court instructed the jury to determine Pattillo's damages, if any, that resulted from the accident. Although the trial court refused to give Pattillo's requested instruction, Pattillo argued in closing the following:

> Based on the evidence you heard, it is more likely than not that this collision caused these damages, that these damages, the medical damages, and the physical pain and suffering, the impairment resulted from this collision more probable than not. That's the standard. And when you apply that standard I think you will agree she is entitled to medical care and the other noneconomic damage that I've asked you for. Just be fair. Thanks.

Even presuming that the trial court's refusal to give appellant's requested instruction was an abuse of discretion, we conclude that any such error did not probably cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1; *Pan v. Liu*, No. 14-12-00831-CV, 2014 WL 3512834, at *3, n.5 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op.). We overrule Pattillo's issue.

## CONCLUSION

We affirm the judgment of the trial court.


/s/    Ken Wise
Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.