**Opinion issued January 15, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00087-CV**

———————————

**LI LI, Appellant**

**V.**

**TGS-NOPEC GEOPHYSICAL COMPANY, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-84389**

---

## O P I N I O N

This appeal arises out of a lawsuit in which Li alleged sex discrimination and retaliation against her former employer, TGS-NOPEC Geophysical Company. A jury rejected Li's claims, finding she did not prove discrimination or retaliation.

Li argues that the trial court reversibly erred in refusing to offer two permissive-pretext jury instructions that she requested. It did not.

Trial courts have considerable discretion as to jury instructions. For Li to prevail, Texas law is clear: When a trial court refuses to submit a requested instruction that is otherwise proper, we consider on appeal whether the requested instruction was reasonably necessary for the jury to render a proper verdict.

Here, assuming for these purposes that the instructions Li requested were proper, they were not reasonably necessary to enable the jury to render a proper verdict—much like in our sister court's decision in *Johnson v. National Oilwell Varco, LP*, which addressed a closely analogous situation. 574 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We reject Li's jury instruction argument.

Beyond this, Li also argues that there was factually insufficient evidence to support the jury's findings against her. We again disagree. The jury is the judge of credibility, and the findings were not so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias.

We affirm the trial court's take-nothing judgment as to Li's claims.

**BACKGROUND**

TGS-NOPEC is in the business of providing geoscience data to oil and gas companies. TGS-NOPEC terminated Li after she had been employed as a geophysical software developer with the company for about three and a half years.

Afterward, Li sued TGS-NOPEC. Li alleged that TGS-NOPEC discriminated against her because she is a woman, including by advancing and paying her less than comparable male coworkers. Li additionally asserted that TGS-NOPEC retaliated against her by terminating her employment after she complained about the company's discrimination. She brought claims under Texas statutory law (not federal law). *See* TEX. LAB. CODE §§ 21.051, 21.055 ("[E]mployer commits an unlawful employment practice if because of . . . sex . . . the employer . . . discharges" employee or retaliates against employee for filing complaint).

The parties tried the suit to a jury over the course of five days. The jury heard from four witnesses. These included Li and three TGS-NOPEC employees: Li's direct supervisor, Sampath Gajawada; Gajawada's supervisor, Bin Wang; and a member of the company's Human Resources department, Heather Barker. In addition, the parties introduced approximately 900 pages of documents as exhibits.

Li's theory of the case was that she received less favorable treatment than male coworkers, complained about it, and was eventually terminated in retaliation.

TGS-NOPEC denied either discriminating or retaliating against Li. It attributed her termination to poor job performance.

At issue here, before the case was submitted to the jury, Li asked the trial court to include two permissive-pretext instructions in the jury charge.

*First*, as part of the jury question inquiring whether Li's sex (female) was a motivating factor in TGS-NOPEC's decision to terminate her employment, Li requested that the trial court include the following instruction:

> If you do not believe the reason TGS has given for discharging Li Li, you may, but are not required to, infer that TGS was motivated by Li Li's sex (gender: female).

*Second*, as part of the jury question inquiring whether TGS-NOPEC terminated Li's employment because she complained about sex discrimination, Li requested that the trial court include the following instruction:

> If you do not believe the reason TGS has given for its decision to discharge Li Li, you may, but are not required to, infer that TGS would not have discharged Li Li but for discrimination complaints.

Without stating its reasons, the trial court refused the instructions.

The jury returned a defense verdict. It found that Li's sex was not a motivating factor in the company's decision to terminate her employment. It also found that TGS-NOPEC did not fire Li because she complained of sex discrimination.

4

Based on the verdict, the trial court rendered a take-nothing judgment.[1] Li now appeals.

## DISCUSSION

I. **We reject Li's jury instruction argument: Her requested instructions were not reasonably necessary to enable the jury to render a proper verdict.**

    A. **A trial court has considerable discretion in whether to submit proposed jury instructions.**

"A trial court has broad discretion in constructing the charge, so long as it is legally correct." *Emerson Elec. Co. v. Johnson*, 627 S.W.3d 197, 208 (Tex. 2021); *see also Gunn v. McCoy*, 554 S.W.3d 645, 675 (Tex. 2018). Similarly, a "trial court has considerable discretion in determining which jury instructions are necessary and proper in a particular case." *Johnson*, 574 S.W.3d at 10.

An instruction is proper if it assists the jury, accurately states the law, and finds support in the pleadings and evidence. *Gunn*, 554 S.W.3d at 676. But a requested instruction does not become mandatory (and its refusal is not grounds for reversal) merely because it is proper. *Id.* ("[T]he decision to refuse a requested instruction remains within the trial court's discretion, and a determination that a requested instruction was proper does not render it mandatory."). A jury also should not be burdened with surplus instructions, even those that accurately state the law.

---

[1] Li moved for judgment notwithstanding the verdict and for a new trial. The trial court denied both of Li's motions.

*Arocha v. State Farm Mut. Auto. Ins. Co.*, 203 S.W.3d 443, 445 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

We reverse based on asserted charge error only when the error (if there is error) "probably caused the rendition of an improper judgment or prevented the petitioner from properly presenting the case to the appellate courts." *Gunn*, 554 S.W.3d at 675.

In a civil case like this one, Texas's test is clear: "[W]hen a trial court refuses to submit a requested instruction that is otherwise proper, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict." *Emerson*, 627 S.W.3d at 209 (quoting *Gunn*, 554 S.W.3d at 675); *see also Johnson*, 574 S.W.3d at 10 ("When a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict." (citing TEX. R. CIV. P. 277 & 278)); *Collie v. IBEX Staffing Sols., Inc.*, No. 04-14-00269-CV, 2015 WL 1094825, at *1–4 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (similar).

**B.     We assume without deciding that the proposed instructions here were proper.**

As an initial matter, the parties dispute whether the proposed instructions here were proper. There are important questions in that regard, especially because these instructions essentially mirror the pattern jury charge, and a Texas appellate court has held that a similar instruction was "fundamentally misleading." *See* Comm. on

6

Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges Business, Consumer, Insurance, & Employment* PJC 107.6, 107.9 (2022); *see also Baron Aviation Servs. v. Kitchen*, 679 S.W.3d 330, 346–52 (Tex. App.—Eastland 2023, pet. denied) (instruction "informs the jury that it may infer discrimination on the sole basis of its disbelief regarding the reason that the employer gave for discharging Kitchens. It does not indicate that the jury should be convinced that the false reason for discharge was also a pretext for discrimination. Such an inference is improper . . . .").

But to decide this appeal, we need not reach the question of whether these instructions are a correct statement of the law. Nor do we reach the question of whether these instructions were otherwise improper.

We are advised to reach only those issues necessary to our final disposition. *See* TEX. R. APP. P. 47.1 (written opinion should address only issues raised and necessary to final disposition of appeal); *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) (judicial restraint generally counsels courts to decide only that which is necessary and no more). And here, we affirm on this issue (the trial court's refusal of Li's requested instructions)—whether the instructions were proper or not.

**C. Assuming that the proposed instructions were proper, Li presents no basis to reverse.**

Li's position boils down to an assertion that her requested permissive-pretext instructions were mandatory in her case—that they had to be given when she requested them. We decline to so hold. No binding precedent has previously reached this conclusion. And applying Texas law concerning instructions, we disagree with Li's position.

**1. No binding precedent holds that instructions of this sort are mandatory.**

Neither the Texas Supreme Court nor our Court has held that the permissive-pretext instructions Li requested are mandatory in a Texas statutory discrimination case like this one. *See Gunn*, 554 S.W.3d at 676 (noting lack of authority requiring requested instructions at issue in that case).

Quite the opposite. Texas courts addressing the issue have rejected arguments like Li's. *See Johnson*, 574 S.W.3d at 10–12 (no abuse of discretion in refusing similar permissive-pretext instruction); *see also Collie*, 2015 WL 1094825, at *2–4 (similar).

As no Texas authority mandates her requested instructions, Li relies on certain decisions rendered by the federal courts of appeals applying federal discrimination law. Texas courts sometimes look to federal decisions interpreting analogous federal statutes for guidance on discrimination and retaliation questions, given the general

8

similarity between Texas and federal law in this area. *See Tex. Tech Univ. Health Scis. Ctr.–El Paso v. Flores*, 709 S.W.3d 500, 505 n.4 (Tex. 2024) (stating that decisions interpreting federal statutes may "guide [the Court's] reading of Chapter 21") (cleaned up).

But these federal court of appeals authorities "do not bind us" (and certainly not as to Texas jury instruction practice); they merely "assist us in our independent obligation to construe Texas law." *Id.* (quoting *Tex. Tech Univ. Health Scis. Ctr.– El Paso v. Niehay*, 671 S.W.3d 929, 937 (Tex. 2023)). As our sister court noted, Texas courts follow such federal decisions only to the extent they persuade. *See Johnson*, 574 S.W.3d at 10 ("As an intermediate Texas court of appeals, we are not bound to follow precedent from the Fifth Circuit even on matters of *federal* law;" as to federal law, we are bound to follow the United States Supreme Court and the Texas Supreme Court, neither of which has "stated an opinion on whether a permissive-pretext instruction is necessary in a Title VII discrimination case") (emphasis added).

And notably, the federal authorities relied on by Li not only do not control here but are also not persuasive on the Texas law question before us. Although Li does not acknowledge it, federal courts are divided as to whether instructions like those here are proper or mandatory in federal proceedings. *See id.* at 10–12

(summarizing conflicting federal authorities).[2] For example, in *Kanida v. Gulf Coast Medical Personnel LP*, a panel of the Fifth Circuit Court of Appeals noted that federal appellate courts are split as to whether instructions like these are required in federal court. 363 F.3d 568, 573–77 (5th Cir. 2004). The opinion also expressed concern about such instructions. *See id.* at 576. Texas appellate courts, in turn, have pointed to *Kanida* in rejecting arguments that Texas trial courts reversibly erred in refusing permissive-pretext instructions like those Li sought. *See Johnson*, 574 S.W.3d at 11–12 (discussing *Kanida* and agreeing with its conclusion that "the United States Supreme Court's analysis . . . does not mandate or suggest that a permissive-pretext instruction should be given"); *Collie*, 2015 WL 1094825, at *3–4 (similar).

Because no binding precedent dictates that a permissive-pretext instruction is mandatory, we turn to Texas's test and apply it in this case.

### 2. Under Texas law, the instructions were not reasonably necessary for the jury to render a proper verdict here.

As explained, in situations like this, Texas civil caselaw asks the following question: Was the requested instruction reasonably necessary to enable the jury to

---

[2] *Compare Murphy v. Caterpillar Inc.*, 140 F.4th 900, 912 n.2 (7th Cir. 2025) (trial court should instruct jury on ultimate liability question, "leaving for argument by counsel inferences to be drawn from evidence of pretext") (citation omitted), *with Barrington v. United Airlines, Inc.*, 709 F. App'x 890, 891 (10th Cir. 2017) (trial court must include this sort of instruction if jury could reasonably find employer's explanation constitutes pretext for discrimination).

render a proper verdict? *Emerson*, 627 S.W.3d at 209; *Gunn*, 554 S.W.3d at 675; *Johnson*, 574 S.W.3d at 10. Li argues that her requested instructions were reasonably necessary here. We disagree.

The Texas Supreme Court has concluded that a requested but refused instruction was not necessary to enable the jury to render a proper verdict when, for example, the instruction merely reiterated or emphasized one side's theory of the case—or when the instruction was already subsumed within the charge given to the jury by the trial court. *See Gunn*, 554 S.W.3d at 677 (requested instruction reiterated defensive theory); *Emerson*, 627 S.W.3d at 209 (requested instruction subsumed within charge given by trial court).

In appeals similar to the one we face, two of our sister courts determined that permissive-pretext instructions were not reasonably necessary to enable the jury to reach a proper verdict in those cases. *Johnson*, 574 S.W.3d at 12 ("Such a specific instruction was not reasonably necessary for the jury to render a proper verdict. Consequently, the trial judge did not abuse his discretion."); *Collie*, 2015 WL 1094825, at *4 ("[A]lthough Collie's proposed instruction might have been helpful, we cannot conclude that it was 'reasonably necessary to enable the jury to render a proper verdict' so that the trial court's refusal probably caused the rendition of an

improper verdict. . . . [T]he trial court did not abuse its discretion in refusing Collie's permissive-pretext instruction.") (cleaned up).[3]

The opinions explained that the trial courts had correctly instructed the jury on the plaintiff's ultimate burden of proof and on the jury's ability to draw reasonable inferences from the evidence. *Johnson*, 574 S.W.3d at 12 ("As in *Kanida*, the jury here was properly instructed both regarding Johnson's ultimate burden and the jury's own ability to draw reasonable inferences from the evidence."); *Collie*, 2015 WL 1094825, at *4 ("Thus 'even without the permissive pretext instruction, the jury received instructions regarding the ultimate legal question it must answer and the jury was also instructed that it was permitted to draw any reasonable inferences it felt the evidence justified.'") (quoting *Kanida*, 363 F.3d at 577).

---

[3] In applying Texas law, precedent sometimes discusses the trial court's discretion and sometimes turns to the reversible error standard. *See, e.g.*, *Gunn*, 554 S.W.3d at 676–77 ("Even assuming the trial court abused its discretion in refusing to submit a jury instruction on unavoidable accident, we conclude that Dr. Gunn and OGA failed to show that the omission probably caused the rendition of an improper judgment. When a trial court errs in refusing to submit an otherwise proper instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict. . . . [W]e conclude that an unavoidable-accident instruction would have merely reiterated the defense's causation theory and therefore was not necessary for the jury to render a proper verdict.") (cleaned up); *Johnson*, 574 S.W.3d at 12 (no abuse of discretion; instruction was not reasonably necessary); *Collie*, 2015 WL 1094825, at *1, 4 (no abuse of discretion; "[t]o establish an abuse of discretion, the requested instruction must be necessary to enable the jury to render a proper verdict so that the trial court's refusal probably caused the rendition of an improper verdict") (cleaned up). Either framing supports affirming here.

Those opinions also pointed to counsel's ability to argue the sought points to the jury. *Johnson*, 574 S.W.3d at 12 ("Johnson was also able to and did explain to the jury in closing argument how it could infer discriminatory intent from the evidence."); *Collie*, 2015 WL 1094825, at *4 (noting *Kanida*'s observation that plaintiff was free to argue that jury should infer discrimination from pretext).

We reach the same conclusion here. Li does not complain about the jury charge in any respect other than the trial court's refusal to offer her requested permissive-pretext instructions. She does not dispute (nor could she credibly do so) that the charge correctly asked the jury to decide whether Li's sex was a motivating factor in TGS-NOPEC's decision to terminate her employment and whether TGS-NOPEC terminated Li's employment because she complained of sex discrimination. Nor does she dispute that the charge properly instructed on the ultimate burden of proof.

She likewise does not dispute that the charge here also instructed the jury that a fact could be established by direct evidence, circumstantial evidence, or both. And the charge further instructed the jury that "[a] fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved." Read as a whole, the instructions informed the jury that it could draw inferences it found to be reasonable based on the evidence. *See Johnson*, 574 S.W.3d at 12 (permissive-pretext instruction not necessary, in part, because charge instructed jury

13

on plaintiff's ultimate burden and on the jury's ability to draw reasonable inferences from the evidence).

Moreover, like in *Johnson*, Li's counsel remained free to argue to the jury that it could draw Li's requested inference based on the evidence in the case. In closing, Li's counsel repeatedly emphasized the role that "common sense" should play in the jury's deliberations, including the drawing of inferences from the circumstances. Li's counsel urged the jury to be mindful that employers who discriminate or retaliate "do not say it out loud" or "admit it." And Li's counsel argued that the jury had to "look at those signs and those red flags" to ascertain TGS-NOPEC's true reasons for terminating Li.

Indeed, a central premise of Li's case, as presented to the jury, was that the company's stated reason for terminating her did not "hold[] water," and that something else lay behind its stated reason. On this record, it was unnecessary to instruct the jury on one possible inference that aligned with the theory of the case that Li's counsel presented to the jury. *See id.* (instruction not necessary, given counsel's argument to jury about issue).[4]

---

[4]    We additionally note that this question concerns Texas jury instructions, and the Texas Supreme Court has explained that, when statutory causes of action are concerned, as they are here, "a jury charge submitting liability under a statute should track the statutory language as closely as possible." *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 601 (Tex. 2010). While its language "may be slightly altered to conform the issue to the evidence," the charge "should not burden a jury with surplus instructions." *Id.* Li does not contend that the Texas statutes concerning unlawful sex

14

\* \* \*

The requested instructions were not reasonably necessary to enable the jury to render a proper verdict, given the contents of the jury charge and the arguments made by counsel. *See Emerson*, 627 S.W.3d at 209 (charge already included adequate instruction on general subject that would have been addressed by requested instruction); *Gunn*, 554 S.W.3d at 677 (instruction "would have merely reiterated the defense's causation theory and therefore was not necessary for the jury to render a proper verdict"); *Johnson*, 574 S.W.3d at 12 (trial court did not abuse discretion in refusing to give permissive-pretext instruction; instruction was not reasonably necessary to enable jury to render proper verdict, given that jury was properly instructed on plaintiff's burden and jury's ability to draw reasonable inferences, and counsel was free to argue inference point to jury); *Collie*, 2015 WL 1094825, at \*4 (similar). The trial court had broad discretion in this area. And under Texas law, Li presents no basis to reverse. We overrule Li's first appellate issue.

## II. We also reject Li's sufficiency argument: Factually sufficient evidence supports the jury's findings rejecting Li's sex-discrimination and retaliation claims.

Li next argues that the evidence is factually insufficient to support the jury's verdict rejecting her sex-discrimination and retaliation claims. Specifically, she

---

discrimination and retaliation contain language concerning the inference at issue. Nor could she do so. *See* TEX. LAB. CODE §§ 21.051, 21.055. This further supports the conclusion that her requested instructions were not mandatory here.

asserts that the jury's findings that TGS-NOPEC did not discriminate or retaliate against her are against the great weight and preponderance of the evidence. We disagree.

### A. The factual-sufficiency standard of review asks whether a finding is against the great weight and preponderance of the evidence.

Evidence is factually insufficient to support a finding if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly show bias. *Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019). This inquiry requires consideration of all evidence pertinent to a given finding. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

But we cannot substitute our judgment for the jury's. *Windrum*, 581 S.W.3d at 781. The jury is the sole judge of credibility; it decides what weight testimony should receive. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

The burden to demonstrate that a finding is against the great weight and preponderance of the evidence belongs to the party challenging the finding. *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 733 (Tex. 2020). If we hold the evidence is factually insufficient, we must detail the relevant evidence and explain why it is insufficient. *Windrum*, 581 S.W.3d at 781–82; *cf. In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211 (Tex.

2009) (court of appeals is not required to detail all evidence supporting verdict if court holds that the evidence is factually sufficient to support jury's findings).

**B. The jury's findings rejecting Li's sex-discrimination and retaliation claims are not so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly show bias.**

Li challenges the jury's findings that TGS-NOPEC neither discriminated against her on the basis of sex nor retaliated against her due to her complaints about sex discrimination. She argues that those findings are against the great weight and preponderance of the evidence. But in her briefing, Li references and discusses only evidence that ostensibly supports her claims, which she then characterizes as "overwhelming." But Li does not contrast her evidence with the evidence in the record that undermines her claims or supports the defense. Nor does she explain why the jury's findings are against the great weight and preponderance of the evidence when considered in light of all the evidence, taking into account the jury's role in weighing evidence and witness credibility.

To the extent Li asserts the evidence is so one-sided that there is no countervailing evidence to consider, the record refutes this assertion. In a nutshell, Li argues on appeal, as she did below, that TGS-NOPEC paid her less than comparable male employees and retaliated against her for complaining about this fact by giving her assignments above her paygrade and outside of her job

17

responsibilities, then using her unavoidable poor performance on them as a pretext to terminate her. But there is evidence that runs counter to Li's version of events.

For example, Li's direct supervisor, Sampath Gajawada, disagreed with Li's assessment that she was comparable to male employees in her group who were paid more. Gajawada asserted that the two male employees Li cited as examples had specified experience or expertise that was more essential and valuable. Similarly, Gajawada disagreed that the three assignments Li challenged were above her paygrade or outside of her job responsibilities; in disagreeing with Li, Gajawada pointed to Li's position and the contents of her own resume. Moreover, Gajawada testified that Li received a poor annual review because she did not timely complete these assignments. And Gajawada testified that Li was ultimately terminated after she failed to complete the last assignment despite a performance improvement plan—not due to sex discrimination or in retaliation for her sex-discrimination complaint.

As noted, Li fails to acknowledge the countervailing evidence, much less explain why the evidence she points to overwhelms this countervailing evidence to such an extent as to make the jury's findings against the great weight and preponderance of the evidence. Her failure to do so is critical here, under the applicable standard of review. *See Hrdy v. Second St. Props.*, 649 S.W.3d 522, 538–39 (Tex. App.—Houston [1st Dist.] 2022, pet. denied).

Nor does Li acknowledge the jury's role in evaluating witness credibility, or the role that evaluation played in the jury's decision to reject her claims. But this too undermines Li's argument. *See Golden Eagle*, 116 S.W.3d at 761 (jury is sole judge of witness credibility); *see also Hahn v. Love*, 394 S.W.3d 14, 29 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (when reviewing evidentiary-sufficiency issues, appellate court assumes "that jurors decided questions of credibility or conflicting evidence in favor of the finding if they reasonably could do so"; court does not second-guess jury in such circumstances).

On this record, Li has not carried her burden to show that the jury's findings rejecting her sex-discrimination and retaliation claims are against the great weight and preponderance of the evidence. *See Lion Copolymer*, 614 S.W.3d at 733 (party challenging finding has burden to show factual sufficiency).

We overrule Li's second appellate issue asserting factual insufficiency.

## CONCLUSION

We affirm the trial court's judgment.

Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

19

Opinion delivered by Justice Caughey, joined by Justice Rivas-Molloy and joined by Justice Gunn except as to Part I.B.

Justice Gunn filed a concurring opinion.